Spencer, J.,
delivered the opinion of the court. A motion has been made in this case, and several others, to strike out the *338 names of the Indian lessors; and in the cas~es where they are sole lessors, to stay the proceedings indefinitely.
NEW YORK,
October, 1817.
The motion is founded on the principle, that the legislature (2 .W. H. L. 153.) have inhibited all persons from suing or maintaining an action on contract, against any Indian residing on lands reserved to the Oneida Indians', under the penalty o~ treble costs; and that by the 2~th section of the same act, the governor and council of appointment are required to appoint and commission a person, learned in the law, to be the attorney of the Brothertown, Oneida, and Stoc/€bridge Indiai~r, making it his duty, from time to time, to advise and direct the said Indians, in controversies among themselves, and with any other person; and to defend all actions brought against any of them by white persons; and to commence and prosecute all such actions for them, or any of Ihern, as he may find necessary and proper; and in the prosecution or defence of any such actions, such attorney is required to observe and pursue such advice and directions as shall be given him, by the superintendants, or person administering the government.
Another part of the same statute renders it a public and subjects the party guilty to a forfeiture of 250 and to be further punished by fine and imprisonment, to purchase any lands of any Indian residing within this state, or to make any contract with any Indian for or concerning the sale of any lands.
In the exposition of these enactments, we have considered ine legislature to have declared those Indians incapable of ; and if they cannot make a valid contract for the sale of their individual lands, if they are not amenable to the law upon any of their contracts, and if, upon these hypotheses, the government has taken them under its protection, and authorized the appoint-ment of an attorney to prosecute and defend all actions brought by or against any of them, it cannot be doubted that- the only way in which the intention of the legislature can be effectuated, is to construe the statute as confiding to their attorney the. right to prosecute and defend all actions by or against any of the Indians, whose interests are committed to him.
The power of the legislature to restrain these Indians from suing or being defended, except exclusively by the attorney for them, is as unquestionable as is the right to prevent them from alienating their lands, or declaring them disqualified *339 from contracting. Indeed, assuming that they are incapacitated, from their mental debasement, to sell their individual lands, or to contract, it would seem essentially just and proper to provide for them a person learned in the law, to manage their suits, and who should be under the control, and subject to the advice, and amenable to some superior for the fidelity of his conduct.
If these Indians are left at liberty to employ any attorney they please, that part of the act which gives the executive the power of advising and directing their attorney is defeated; inasmuch as an attorney not specially appointed for them, is not bound to pursue any such advice or direction, and may disregard it, without incurring any responsibility.
It is desirable, as regards the rest of the community, that the right should be considered exclusive, and it is equally important to the Indians themselves; because, if left at liberty to resort to any attorney they please, they may be involved in ruinous litigation; and they may too carelessly vex those against whom they may have resentments. I would not be understood as speaking disparagingly of a profession, not only useful, but learned and upright, but it would be too much to believe, however honourable, in general, it may be, that it contains no unworthy members. >
The facts are undisputed, that these suits have been brought, not in the name, nor with the sanction of the attorney for the Indians ; and that the Indian lessors are Oneida Indians. It is true that their attorney has since sanctioned these suits, and given his assent to their prosecution. This will not do: they must be prosecuted in his name. Considering, however, that the suits are brought, and have proceeded to issue, the court will allow them to be prosecuted still, on condition that the attorney for the Indians be substituted in the stead of the present attorney.
Rule accordingly.