JESSE JEMMERSON, Respondent, *v.* NATHANIEL KENNEDY, Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Pleadings. Demurrer.*—An objection that an action, brought by a Seneca Indian, is not brought by the attorney for the Seneca Nation, if not taken by demurrer or answer, is waived.
2. *Indians. Action.*—An action for a claim exceeding $100 may be brought by one member against another member of the Seneca Nation, either in person or by his chosen attorney.

Appeal from a judgment entered on the verdict of a jury at the Erie circuit.

*F. J. Blackman,* for appellant.

*C. W. Sickmon,* for respondent.

DWIGHT, J.—This was an action for assault and battery. The parties were both members of the Seneca Nation of Indians. The jury estimated the damages of the plaintiff at the sum of $325.

The only exception in the record is that taken by the defendant to the denial of his motion for a nonsuit, which was made on the sole ground that the plaintiff had brought his action by attorneys other than the " attorneys for the Seneca Nation of Indians." There are several reasons why the ruling excepted to was correct:

*First.* The defendant's objection was, in effect, that the plaintiff had not legal capacity to sue. For, unless he was

under some manner or measure of legal disability as a suitor, he might bring his action either in person or by attorney of his choice. The objection was that the plaintiff had not legal capacity to sue as he had done in this action; that the action to be maintained must be brought by the attorney for the Seneca Nation. But this objection is one which must be pleaded, either by demurrer or answer, or it is waived. Code Civ. Pro., § 499. In this case, the objection could not have been taken by demurrer, because it did not appear on the face of the complaint, but it might have been taken by answer, and, not having been so taken, it was waived, and it was therefore properly overruled.

*Second.* The objection was founded upon a provision of the act of 1845, Laws of 1845, chap. 150, § 2, which provides for the appointment by the governor and senate of "an attorney of the Seneca Nation of Indians," and prescribes his powers and duties as follows: "He shall from time to time advise the said Indians respecting controversies between themselves, and between them, or any of them, and any other person; he shall prosecute and maintain all actions, suits and proceedings for them or any of them as he may find necessary and proper." The question is whether this provision is exclusive, or whether other actions which the attorney for the nation does not find "necessary and proper" to bring, may be brought by the Indian himself in person or by such attorney as he may choose.

In the early case of Jackson *v.* Reynolds, 14 Johns, 335, a similar provision of statute in respect to the Brothertown, Oneida and Stackbridge Indians, Laws of 1813, chap. 92, § 27, was held to be exclusive of the right of the Indian to sue except by the attorney of his tribe: but the reasons assigned for the holding are not applicable to the present status of the Indians, especially of the Seneca nation, under legislation being subsequent to the date of that decision. That decision we find to have been based upon an assumed condition of tutilage and dependence of the tribes in question

which rendered them incapable of alienating land or making contracts. The court, by SPENCER, J., says : " The power of the legislature to restrain these Indians from suing or being defended except exclusively by the attorney appointed by them is as unquestionable as is the right to prevent them from alienating their lands, or declaring them disqualified from contracting. Indeed, assuming that they are incapaci- tated, from their mental debasement, to sell their individual lands, or to contract, it would seem essentially just and proper to provide for them a person learned in the law to· manage their suits, etc."

Without stopping to inquire whether the legal status of the Indians was, at that time, one of such complete disability as that indicated by the language quoted, it is apparent that. such is not the case at present. Much legislation has inter- vened, the object of which has been to elevate the character and improve the condition of these wards of the state, by encouraging in them a spirit of self-reliance, and cultivating habits of industry, thrift and providence. See opinion of BARKER, P. J., in Crouse *v.* R. R. Co., 18 N. Y. State Rep. 711. Of these legislative acts two of the most important are. those of 1843, chap. 87, and 1847, chap. 365, which illustrate· the progressive character of our legislation on this subject and the great advance already made upon the conditions ex- isting at the date of the decision in Jackson *v.* Reynolds.

Section 4 of the act of 1843, *supra*, provides : " Any na- tive Indian may, after the passage of this act, purchase, take, hold and convey lands and real estate in this state in the. same manner as a citizen ; and whenever he shall become a freeholder of the value of $100, he shall be liable on contract, and subject to taxation and to the civil jurisdiction of the courts of law and equity in the same manner, and to the same extent as a citizen thereof. While the act of 1847, § 14, re- moves the last restriction upon the right of those Indians with whom we are concerned, to sue each other in the courts. of the state on all demands and rights of action exceeding the·

jurisdiction of the peacemakers of the nation, which, by the same statute, § 8, was fixed at the sum of $100. The text of § 14, is as follows: "For any demand or right of action which any Indian of the said nation may have against any other Indian, and which, according to the provisions of this act, exceeds the amount which may be awarded by the peacemakers, actions may be maintained and prosecuted in the courts of this state, *in the same manner,* and with the like effect as between white citizens."

There can, it would seem, be no question of the effect of this provision upon the rights of the Seneca Indians in the courts of this state. The enactment was subsequent to that which provided for the appointment of an attorney for the nation. Act of 1845, *supra.* The last mentioned provision, if not more radically affected, must at least be rendered subordinate and auxilliary, merely, to that quoted from the act of 1847.

We conclude that the right of the plaintiff to sue the defendant in this action, for a claim which, on the verdict of the jury, was found to be in excess of $100, either in person or by his chosen attorney, was not subject to question, and, accordingly, that even had the defendant's objection been pleaded, it could not have been sustained.

The judgment should be affirmed.

BARKER, P. J., and CHILDS, J., concur.

---

### NOTE ON "ACTION BY INDIANS."

As the Seneca Nation of Indians is a public corporation, the title of a person assuming to act as its president may be tried in an action under § 1948 of the Code, which provides that the attorney-general may maintain an action against a person who usurps a public office. Seneca Nation *v.* John, 27 Abb. N. C. 253. Though such action is not mentioned in the statute enumeration of what actions may be brought by the Seneca Nation, its right to such an action is inherent in it as a corporation. Id.

Note on "Action by Indians."

The retention of a sewing machine by an Indian without making the stated payments agreed upon, is actionable as a tort. Singer Mfg. Co. *v.* Hill, 60 Hun, 347. Replevin, therefore is not within the statutory provision against suing an Indian upon contract. Id.

An execution can be issued against the property of a Seneca Indian, on a judgment against him for costs recovered in an action for trespass brought by him. Crouse *v.* N. Y. P. etc., R. R. Co., 49 Hun, 576. Chap. 150 of 1845 is not applicable to such an action.

Under the grant of August 31, 1826, the purchaser acquired the lawful and valid title in fee simple absolute. Seneca Nation *v.* Christy, 126 N. Y. 122.

Such purchase was not in contravention of the provisions of the Federal constitution, or of the act of 1802. Id.

An objection that the plaintiff did not bring the action by the attorney for the Seneca Nation, is waived, if not taken by demurrer or answer. Jemmerson *v.* Kennedy, 54 Hun, 635.

Indians may employ an attorney of their own choice. Id.

Chap. 150 of 1845 does not restrict the right of a half-breed to the succession and occupancy of land of his ancestor. Seneca Nat. *v.* Lehley, 55 Hun, 83.