MARTHA E. DERAISMES et al., Appellants, *v.* JOHN A. DERAISMES et al., Respondents.

The will of D., after a devise to his wife of a life estate in his farm and other real estate in the town of J., contained this statement: "Which devise I make to my said wife for a home for herself and for my infant children, but my intent is nevertheless that the same shall be, at all times during said term, wholly subject to her will and control." Other provision was also made for the benefit of his wife. The testator made specific provision for the payment of taxes on all his other real estate, and disposed of all the anticipated revenue from his property. *Held,* that the widow, as a life-tenant of the home farm, was liable for the taxes thereon; and that the declaration that it was devised as a home for herself and children did not change the character of the holding so as to relieve her from this burden.

The executors, in an account presented to the surrogate, credited themselves with the amount of taxes paid on the home farm. This the surrogate disallowed, and decreed a distribution of the sum. Upon a subsequent accounting, the executors were again charged with this sum. *Held,* error; that if the former decree had not in fact been complied with, it could be enforced, and the same sum should not be again charged.

(Argued December 19, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a decree of the surrogate of Queens county on an accounting by the executors of the will of John F. J. Deraismes, deceased.

The accounts rendered were for rents received from real estate of the deceased, situate in New York and Brooklyn, under a clause of the will constituting the executors' trustees of said rents and providing for their application; among other things, authorizing them to pay the taxes on said real estate. The will gave to Martha E. Deraismes, wife of the testator, his household furniture, plate, jewelry, horses, carriages, cattle, stock, farming implements, also an annuity of $4,800, and confirmed a former gift of certain lots in New York. It also contained this clause: "I give and devise to my said wife my farm, situate in the town of Jamaica aforesaid, where I now reside, together with my dwelling-house, outhouses, and buildings thereon, and all my real estate

situate in said town, for and during the term of her natural life, which devise I make to my said wife for a home for herself and for my infant children. But my intent is, nevertheless, that the same shall be at all times during said term wholly subject to her will and control."

The further facts appear in the opinion.

*Charles A. Jackson* and *John J. Armstrong,* for appellants. To relieve a life-tenant from payment of taxes on the realty devised to her for life, the will must contain a clear provision to that effect. (*Lawrence* v. *Holden,* 3 Bradf., 142.) By devising the farm to his wife for life for a home for her and the infant heirs, the testator intended that the taxes upon it should be paid from the body of the estate. (*Willetts* v. *Carroll,* 13 Md., 459; *Lyon* v. *Lyon,* 65 N. Y., 339; *Cairns* v. *Chabert,* 3 Edw. Ch., 312; *Fleet* v. *Duland,* 11 How., 489; *Stillwell* v. *Doughty,* 2 Bradf., 311: *Young* v. *Young,* 68 No. Car., 309.)

*Wm. H. Onderdonk* and *Wm. S. Cogswell,* for respondents. The life-tenant was bound to pay the taxes on the farm. (1 Washb. on R. P. [3d ed.], 96, 97, 112, § 28; *Cairns* v. *Chabert,* 3 Edw. Ch., 312; *Lawrence* v. *Holden,* 3 Bradf., 142; *Whitson* v. *Whitson,* 53 N. Y., 479; 1 Bouv. Insts. by Gleason, § 1718; *Stillwell* v. *Doughty,* 2 Bradf., 311; *Hepburn* v. *Hepburn,* id., 76; *Varney* v. *Stevens,* 22 Me., 331; *Arnold* v. *Mower,* 49 id., 561; *Fleet* v. *Dorland,* 11 How. Pr., 489.)

Church, Ch. J. This is an appeal from a decree of the surrogate of Queens county, upon an accounting by executors of the will of John F. J. Deraismes, deceased. We concur with the learned judge who delivered the opinion of the court below, that "the case is very poorly made up, and the facts are obscurely stated; so much so that we cannot be at all certain of not making a mistake about them." It appears that there had been a previous accounting before

Surrogate Covert, in which the executors, one of whom is the widow, had credited themselves with various sums, amounting to $1,852.93, for taxes paid upon the farm which was devised to the widow for life. In the body of the decree made upon that accounting, it is adjudged "that the objection to the charges for moneys paid for general school and road taxes upon the farm at Jamaica, L. I., of which Martha E. Deraismes is tenant for life, amounting to $1,852.93, be and the same are hereby allowed." Then follows a statement of the account, which commences as follows:

" Amount executors charged themselves with,  $122,161 82
" From this deduct payments, as allowed by
    the surrogate    -    。    -    -    -    87,008 03

   "Leaving a balance of -    -    -    $35,153 79"

After deducting payments to heirs and various expenses, final balance brought down is $3,534.70, which is directed to be distributed and paid to the heirs, naming them, each the sum of $411.83. The decree then directs Mrs. Deraismes, the widow, to pay into the estate said sum of $1,852.93, and that said sum be added to the above balance and distributed and paid to the heirs, naming them, to each the sum of $231.61. Upon the last accounting, which is now in review, the executors again credited themselves with the taxes on the Jamaica farm, and debited themselves with the sum of $1,567.09, received from Mrs. Deraismes as a part of the $1,852.93, directed to be paid to the estate by the decree of Surrogate Covert; and in the decree from which this appeal is brought, all payments for taxes credited to the executors on the Jamaica farm were disallowed, but the above item of $1,567.09, charged to the executors, was retained, and constituted a portion of the balance against the executors ordered to be distributed. The balance of the $1,852.93, being $285.84 less $161.12 paid for assessment on Hoffman boulevard, was also included in the account.

It is evident from this statement, either that an error has

been committed against the executors in respect to this item for taxes, or if there is any explanation, it does not appear in the record before us. In the first place, it appearing by the decree of the Surrogate Covert, that he rejected the item from the credit side of the account, the presumption would be when, in stating the result, he gave credit for payments " as allowed by the surrogate," that this item of $1,852.93 was deducted. The surrogate had not allowed that item, and the decree informs us that only payments " allowed " were credited. If this was so, that amount was included in the balance of $3,534.70, and was distributed, and that should have been the end of it as between the executors and the estate. The subsequent provision of the decree that Mrs. Deraismes should pay into the estate that amount, and that it should be added to the above balance and distributed, are inconsistent with the idea that it had been in fact deducted from the payments allowed, and perhaps we ought to infer from those provisions that it had not. If it had, the decree itself had provided for the distribution of that sum twice; if it had not before been deducted, then the decree by subsequent provisions specifically directed its distribution; and if the decree was complied with, it would be the end of that item. We are not reviewing the decree of Surrogate Covert for the purpose of correcting errors, as no appeal was taken from it. It is referred to only for the purpose of ascertaining what disposition was made of this item, and it is clear that the amount of it was by that decree directed to be distributed once certainly.

Now we come to the last decree which is under review. I am unable to see any reason why that sum, or any part of it, should be again charged to the executors. The item in the debit side of the account of $1,567.09, part of the $1,852.93, did not belong to the estate. It was an adjustment between the executors themselves for moneys which they had been compelled to account for and distribute to the heirs. They had paid certain taxes, and credited themselves as executors with the amount which was not allowed, on the

ground that they were for Mrs. Deraismes, and not the estate to pay; and any money which Mrs. Deraismes might afterwards pay on account of such payments, would not concern the estate, but the executors themselves. All that the decree of Surrogate Covert meant was, that the executors should distribute that sum paid for taxes; and as they were paid for the benefit of Mrs. Deraismes personally, she should furnish the money. The difficulty is, that both decrees charge the executors with the same sum; and if both are enforced, it will operate as a double payment. If that portion of the decree of Surrogate Covert directing the distribution of this sum has not in fact been complied with, it is liable to be enforced, and the same sum should not be again charged. It follows that the sum of $1,567.09, charged to the executors, was erroneous, and also the $124.82, which is a part of the balance to make up the $1,852.93.

The assessment for the Hoffman boulevard appears to have been allowed in the accounts. As to the other items objected to, the facts appearing would not authorize a reversal in respect to them. We concur with the court below, that the widow is a life-tenant of the Jamaica farm, and the general rule applies that she is liable for the taxes; and the provision in the will that the farm is devised for a home for herself and infant children, does not change the character of the holding in such a way as to relieve her from this burden. The testator made specific provision for the payment of taxes on all his other real estate, and disposed of all the anticipated revenue from his property, and the inference is that he did not intend that his estate should pay the taxes on this farm. Other provisions for the benefit of the widow were made, and the inference is that the farm, farming utensils and stock, were devised, with its income and profits, and subject to ordinary burdens, to enable her to furnish a home to the children during infancy. The authorities cited by the appellant only tend to define the meaning of the word "home," and are not controlling upon the present question.

There is an ostensible error in respect to the item charged

to the executors, which had been paid for taxes, and we think a proper disposition of the case is to reverse the judgment of the Supreme Court and decree of surrogate, and remit proceedings to the Surrogate for rehearing, without costs to either party.

If there is any explanation, it can be ascertained upon the rehearing. If not, the Surrogate can correct the error, and also the clerical error of $200 made against the executors.

All concur.

Judgment accordingly.