ABRAHAM H. JONAS et al., appellants,

*v.*

CAROLINE K. HUNT, respondent.

A husband was seized in fee of lands during coverture, and alienated the same without his wife relinquishing her right of dower. Afterwards and before his death, annual taxes and two assessments for municipal improvements were levied upon the property.—*Held*, that the widow was entitled to dower free from the taxes, but that her dower should be assigned with the increased value arising from the improvements, and charged with the payment during her tenure of interest upon one-third of the principal of the assessments.

On appeal from a decree advised by Vice-Chancellor Van Fleet, who rendered the following opinion :

I think the complainant is entitled to a decree.

The certificate of sale is no bar ; it simply creates a lien.

The declaration of sale is no bar *in favor of the defendant.* Whatever title that confers is held by the complainant, and it would certainly be a novelty in judicial reasoning to hold that a defendant, in a suit for dower, *without title as against the widow,* would be permitted to prevail because he could show that the dowress had a better title to the present possession of the land than that upon which she grounded her suit.

I stated during the progress of the hearing that the complain--

ant, if she was entitled to dower, would be required to take the lands assigned to her, *cum onere.* Subsequent reflection induces me to doubt the correctness of that statement. That statement would undoubtedly be true with respect to liens created by the husband before marriage, or which existed against the land in which dower is sought at the time he acquired title, or which the widow joined in creating. But here all the taxes to which the lands are now subject were assessed prior to the perfection of the complainant's right by the death of her husband, and while her husband's grantee was in the receipt of the rents and profits of the land, and while he was under a duty, at least, to the government to pay the taxes assessed against the land. Under this state of facts I think the question is well worth consideration, whether, in assigning dower, the court ought not to give some direction as to whether the widow is not, as between her and her husband's grantee, entitled to an assignment free from taxes. I have not examined the pleadings to see whether, as now framed, this question comes fairly within the issues raised by them, but I suggest the question simply as one which I think counsel may very properly consider.

*Mr. Garret Berry,* for the appellants.

*Messrs. Vail & Ward,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

The complainant, Caroline K. Hunt, was married in 1858. At that time her husband was seized in fee of about sixty acres of land in the city of Rahway, which in 1862 he conveyed to Joseph E. Allen, whose title afterwards passed to Abraham H. Jonas, the defendant. The complainant never relinquished her dower in these premises, and, her husband having died in November, 1883, the object of the present bill is to have her dower assigned. Between the making of her husband's conveyance and the date of his death, annual taxes for several years and two

assessments for opening and grading Inman avenue were levied on the property and still remain unpaid, and the decree directs that dower be assigned to her free from these taxes and assessments. From this feature of the decree, relieving her estate from these liens, the defendant appeals.

As to the taxes, the equity of the decree is clear. With regard to the dowress, the owner of the fee occupied the position of a tenant *per autre vie;* he was entitled to possession during the husband's life, and thereafter, on demand, the widow's right matured. The owner, therefore, was subject to the general rule that tenants for life in possession are bound to meet the annual charges upon the estate, so that they may not become a charge against those entitled in remainder. *Cairns* v. *Chabert, 3 Edw. Ch. 312; Deraismes* v. *Deraismes, 72 N. Y. 154; Cadmus* v. *Combes, 10 Stew. Eq. 264.*

But the assessments stand on a different footing. They represent permanent improvements of the property made after the husband conveyed. If these betterments had been constructed by the alienee, the dowress would not have been allowed to derive any advantage from them, and therefore would not have been chargeable with any part of their cost. "If the husband make a feoffment in fee of lands, and the feoffee build thereon and improve the same greatly in value, yet the wife of the feoffor shall have dower only according to the value it was of in the husband's time, for if such feoffment were with warranty, the heir would be bound to render only the value as it was at the time of the feoffment." *Bac. Abr. "Dower" B 5; Van Dorn* v. *Van Dorn, Penn. 697; Chiswell* v. *Morris, 1 McCart. 101.* But the improvements were not constructed by the alienee; they were made by the government, which must be regarded as acting with the assent and for the benefit of all persons interested in the property. *Wadham* v. *Marlowe, 8 East 314, 317, note; Griswold* v. *Waddington, 16 Johns. 438, 447.* The betterment, therefore, should enure to the advantage of all parties, but, of course, upon condition that they equitably share the expense. *Pratt* v. *Douglas, 11 Stew. Eq. 516.* On assignment of dower, the widow will become tenant for life of one-third of the prop-

erty, including, as already indicated, one-third of its betterments, and she should pay an equivalent for the advantage which she will thus gain beyond what her mere dower-right would afford. The improvements were purchased and are represented by the principal of the assessments, and the enjoyment of them for any time is worth the interest upon that principal. *Plympton* v. *Boston Dispensary, 106 Mass. 544.*

The decree should therefore direct that the widow have dower equal in value to one-third of the land with the municipal improvements, free from said taxes, but charged with the payment of one-third of the interest upon the assessments during her tenure.

This suit was not designed to affect, and cannot disturb the city's lien; for the city is not a party. It only settles the mutual rights of the dowress and owner.

Let the decree below be reversed, and a decree be entered according to this opinion.

*Decree unanimously reversed.*