ANN ELIZA WILCOX, Respondent, *v.* CHARLES J. QUINBY, Individually and as Executor of the Will of DANIEL QUINBY, Deceased, and as Trustee under said Will, Appellant, Impleaded with Others.

*Testamentary trustee of a life estate — separation of income and principal — what interest chargeable.*

Where a will gives the net income of the residue of the testator's estate to a party for life, the estate of the life tenant must bear the burden of the taxes and ordinary repairs and the payment of interest upon liens, if any exist.

The testamentary trustee of such a life estate must distinguish, in his accounts, the income derived from the estate and the charges thereon, from the principal or *corpus* of the estate and payments made on account thereof.

When a testamentary trustee is liable to be called upon for the net income of the trust estate at any time, and is under an obligation to pay it to the life tenant whenever it is demanded, and his account is running and uncertain, he should not be charged with interest thereon.

When the money composing a testamentary trust fund is invested within a reasonable time by the trustee, he should not be charged with more interest than he has received, and if, at the time of his accounting, the interest receivable is not due, he should not be charged with interest up to that time.

APPEALS by the defendant, Charles J. Quinby, individually and as executor of the will of Daniel Quinby, deceased, and as trustee under said will, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Westchester county on the 26th day of May, 1893, modifying, and confirming as modified, the report of a referee upon an accounting by the defendant of all his proceedings, and from a judgment rendered in accordance with said order at Special Term, and entered in said clerk's office on the 17th day of June, 1893.

In 1869 Daniel Quinby died, leaving a will in and by which he appointed the defendants, Charles J. Quinby and James D. McCabe, executors and trustees, and directed them to sell and convert his estate, principally real property, into money, and invest the same, and pay the income to his three children, of whom the plaintiff is one, in equal parts during their lives, the one-third of the principal of each child to go to the children of such child at his or her death, or, if he or she has no children, then to the children of the others.

James D. McCabe qualified but never acted, and the property was all taken possession of and managed by Charles J. Quinby as sole acting executor and trustee. He kept the real estate unsold until, in December, 1890, the plaintiff brought this action to remove the trustees for not doing their duty, and for an accounting. The court, at Special Term, decided in favor of the defendants, but the General Term, on appeal, reversed the judgment in so far as it dismissed the complaint and awarded costs against the plaintiff, and directed the defendants to sell and convert the property into money, and to pay the plaintiff her share of the income, and directed them to render an account of the rents, profits and proceeds of the sale of the real property, and appointed a referee to take such account and report the same to the court, directing that on the coming in and confirmation of said report, judgment be entered. Costs were given to both parties, payable out of the principal of the estate. The account was taken and the referee's report was filed, and the defendant, Charles J. Quinby, the appellant, then moved at Special Term for the confirmation of the report, and for judgment. The court modified the report in some respects, and as modified, confirmed it, and ordered judgment accordingly, with costs, and an

additional allowance to each party. That order was entered in the Westchester county clerk's office on the 26th of May, 1893, and three days afterwards the defendant appealed from it to the General Term.

After that the defendant's attorney served on the plaintiff's attorney a bill of costs, including the additional allowance to the defendant, with notice that the same would be taxed on the seventeenth of June, then instant, and the amount thereof inserted in the entry of judgment; and on that day the clerk entered the judgment, and at the request of the defendant's counsel, the amount of the costs so taxed and awarded to the defendant (this appellant) was inserted in the judgment, and thereafter, on the 5th of July, 1893, the defendant appealed to the General Term from the said judgment, and from the whole and every part thereof, and these are the two appeals now brought up for review.

*M. M. Silliman* and *William P. Fiero*, for the appellant.

*James Flynn* and *E. H. Benn*, for the respondent.

DYKMAN, J. :

There is no controversy as to facts. The plaintiff is entitled under her father's will to one-third of the net income of the residue of the estate after payment of legacies. The estate of the life tenant must bear the burden of the taxes and ordinary repairs and the payment of the interest upon the liens, if any exist. The defendant Quinby is the trustee under the will, and his account confounds the income derived from the estate and the charges thereon with the principal or *corpus* of the estate, and the judgment appealed from does not seem to have made the proper distinction between the two accounts. The referee, in stating the account of the defendant as executor and trustee, has charged him with all moneys received, whether on account of the principal or interest, and has credited him with all moneys paid without regard to the fact as to whether the payment was on account of the fund or income.

In figuring the amount for which the trustee is liable to the plaintiff he should first be charged with the amounts received by him for rents which, according to his account, after deducting the rent

belonging to Mrs. Quinby, was $5,591.54. From this must be deducted the amount paid by him during the same time for repairs and insurance, which is $3,752.28, leaving a net income of $1,839.26. As there is no proof respecting their character we must assume that they were ordinary repairs which are chargeable to the life tenant.

As the trustee was liable to be called upon for the net income at any time, and was under an obligation to pay it to the life tenant whenever it was demanded, and as the account was running and uncertain, he should not be charged with interest thereon.

From the above balance, $1,839.26, must be deducted the commissions of the trustee on the total amount received, $5,591.54, which amounts to $164.78, making the amount due to the life tenant $1,674.48, of which the plaintiff is entitled to one-third.

As to the principal of the fund the defendant is to be charged with the amount received by him from the sale of stock and the rent collected, $943.33; from this is to be deducted the amount adjudged to be due by the surrogate's decree, $849.91, leaving $92.42 in his hands belonging to the trust fund.

To this sum must be added the amount received for stone and dirt sold, $279.70, with the damages received for diverting the water of Bronx river, $750, which makes $1,123.12; out of this he paid $500 legacy, leaving $623.12 belonging to the trust funds. He is also chargeable as trustee with the amount he received upon the sale of the farm, which, after making the deduction for the land included in Sound View avenue, was $83,295. Upon this he is to be credited with $2,316.38 for the amounts paid for commissions on the sale of the farm, for the survey and for legal services, leaving chargeable to him on this account $80,978.62. Add this to the above amount, $623.12, and we have the total amount of the trust fund, $81,601.74. As the money was invested in a reasonable time by the trustee he should not be charged with more interest than he has received, and as at the time of the accounting this interest was not due he should not be charged with interest up to that time.

The judgment should be modified in accordance with this opinion, without costs to either party on this appeal.

Order to be settled by Justice DYKMAN.

A motion was made to dismiss the appeal because the defendant had taken the benefit of the judgment and order and was, therefore, concluded by the same.

We do not find the fact to be as claimed by the respondent, and the motion is, therefore, denied, with ten dollars costs and disbursements, to be retained by the appellant from the funds in his hands.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment modified in accordance with opinion and order to be settled by Judge DYKMAN. Motion to dismiss appeal denied, with costs.