(43 Misc. Rep. 397.)
                        PEOPLE ex rel. GERST v. DAVIS.

(Supreme Court, Special Term, Columbia County.   April, 1904.)

1. VILLAGE OFFICERS—ELIGIBILITY.

   Under Village Law, § 42 (Laws 1897, p. 377, c. 414), declaring that a
   village trustee shall at the time of his election be the owner of property
   assessed upon the last preceding assessment roll of the village, a person
   is eligible for election to such office where at the time of his election he
   owned property actually assessed on such roll, though it was assessed to
   a former owner of the property.

2. SAME—ELECTION—DUTIES OF INSPECTORS.

Under Village Law, § 56 (Laws 1897, p. 382, c. 414), declaring that election inspectors shall, immediately upon the closing of the polls, proceed to canvass the votes cast, and shall on the following day file with the village clerk their certificate setting forth the holding of the election, the total number of votes cast for each office and for each person, etc., the inspectors in a village, having but one election district, have no power to disregard any vote, or to consider the eligibility or declare the election of a candidate, and so much of their certificate as recites the action they took in regard to those matters should be disregarded as surplusage.

Application, on the relation of Edward Gerst, for a peremptory writ of mandamus to compel Frank C. Davis, acting as clerk of the village of Valatie, to deliver to the relator the books and papers pertaining to the office of village clerk. Application denied.

Edson R. Harder, for relator.

John G. Snyder, for defendant.

COCHRANE, J. The relator and defendant both claim title to the office of village clerk of the village of Valatie, N. Y. At the annual meeting of the board of trustees of such village held on the 21st day of March, 1904, the defendant, Frank G. Davis, received three out of five votes cast for the office of village clerk. He duly qualified and entered upon the discharge of the duties of such office. One of the three votes received by him was cast by Charles H. Van Buren, acting as trustee of said village, and whose eligibility to hold such office of trustee is assailed by the relator in this proceeding. The title to the office of village clerk therefore depends on the legality of the vote cast by Van Buren for such office, and the primary question here involved is the eligibility of said Van Buren to hold the office of village trustee. At the annual election of the village held on the 15th day of March, 1904, Van Buren was a candidate for the office of trustee, and received the requisite number of votes to entitle him to election, providing he was eligible. He qualified as trustee, and assumed the duties of such office. Section 42 of the village law (Laws 1897, p. 377, c. 414), as far as applicable to this proceeding, is as follows:

"A president or trustee, or a fire, water, light, sewer or cemetery commissioner must, at the time of his election and during his term, be the owner of property assessed upon the last preceding assessment-roll of the village."

Van Buren was not assessed for any property on the last assessment roll of the village. But in November, 1903, he became the owner of real estate which had been assessed to his grantor on such assessment roll.

The relator contends that eligibility to the office of trustee under the statute above quoted depends on ownership of property at the time of its assessment, and that the property must have been assessed to the candidate upon the last preceding assessment roll of the village. The statute does not say so, and it must receive a forced and unnatural construction in order to be given such meaning. If there was otherwise any doubt as to the meaning of this statute, I think it is made reasonably clear by comparison with the statute

which existed prior to the enactment of the village law of 1897. Chapter 291, p. 674, of the Laws of 1870, being "An act for the incorporation of villages," and which remained in force from 1870 until superseded by the present village law of 1897, provided in section 9 of title 2, p. 680, thereof, as follows:

"No person shall be eligible as president or trustee unless owning property liable to be assessed for the expenditures of the village."

Section 42 of the village law now under consideration, establishing a rule of eligibility, took the place of section 9 of title 2 of the act of 1870. It will be observed that the test of eligibility to the office of trustee under this last-mentioned act was liability to assessment. If a person owned "property liable to be assessed," he was eligible. It was not necessary under that act that the property should have been assessed, or that the candidate should have been assessed, but if the candidate owned property liable to assessment he was eligible. In the revision of the statutes which resulted in section 42 of the village law of 1897, now under consideration, the rule of eligibility was made stronger than it was under the act of 1870. Such eligibility under the act of 1897 was made to depend not merely on ownership of property "liable to be assessed," as was the case under the act of 1870, but on ownership of property which actually was "assessed upon the last preceding assessment roll of the village"; and it is also in terms provided that such trustee must be such owner "at the time of his election and during his term," which provision did not exist in the former statute. It thus appearing that a candidate for village trustee is subjected to a stricter and severer rule of eligibility than under the former statute, it would be improper to extend such rule still further by a forced construction of the statute, and by reading into the statute a meaning which the language thereof does not naturally import. The ordinary and natural interpretation of the statute in question makes it more difficult for a person to be eligible to the office of village trustee than under the former statute, and there is no necessity to make it even more difficult by a construction of the present statute which would be unnatural and would do injustices to the phraseology thereof. Van Buren at the time of the election owned property which was assessed on the last assessment roll, and was therefore eligible.

The inspectors of the village election attempted to determine the question of Van Buren's eligibility, and, having reached the conclusion that he was ineligible, assumed the power to disregard his vote and to declare the election of another candidate. Section 56 (page 382) of the village law defines the duties of the inspectors as follows:

"The inspectors of election of each election district shall, immediately upon the closing of the polls of each annual election, proceed to canvass the votes cast thereat, and shall complete such canvass without adjournment. They shall, before nine o'clock in the forenoon of the following day, file with the village clerk their certificate setting forth the holding of the election, the total number of votes cast for each office, the number of votes cast for each person for such office, the total number of votes cast upon each proposition voted upon, and the number cast for and against it."

Where the village contains but one election district, as in this case, the inspectors of a village election have no other or further power or duty after the closing of the polls than is indicated in that part of section 56 of the village law above set forth. Their duties are confined to canvassing the votes cast, and they are required to file with the village clerk their certificate setting forth the total number of votes cast for each office, and the number of votes cast for each person for such office. They have no power to disregard a single vote, or to consider the eligibility of a candidate, or to declare the election of any candidate. Their duties are merely to count the total number of votes, and the number cast for each candidate, and to file their certificate setting forth those facts, and those only. The law, and not the inspectors, declare who is elected to the office; and when any question arises in reference thereto, or in reference to the eligibility of a person claiming an office, such question must be submitted to the court for determination. The inspectors of election are not clothed with judicial functions. The certificate as filed by the inspectors in this case shows the total number of votes cast for trustee, and the number cast for each candidate. It appears therefrom that Charles H. Van Buren received a majority of votes· cast for village trustee, and, being eligible to such office, he was elected thereto.

That part of the certificate of the inspectors stating that they disregarded the vote for Van Buren on the ground of his supposed ineligibility, and declaring the election of certain officers, was extraofficial, and forms no part of the certificate which by statute they are authorized and required to file, and hence should be disregarded as surplusage. Matter of Heath, 3 Hill, 48; People ex rel. Hodgkinson v. Stevens, 5 Hill, 616.

The defendant raises the point that the title to an office cannot be tried in a proceeding such as this, but, for the reasons heretofore stated, it is not necessary to consider that question.

The relator also insists that the transfer of the property to Van Buren in November, 1903, was made solely for the purpose of giving him a color of eligibility, and of making him a candidate for the office of trustee, and that he is not in good faith the actual owner of the property. I do not pass on this feature of the case, because, assuming it to be true, it is denied by the defendant, and hence a question is presented which cannot be tried in a proceeding of this nature.

My conclusion is that Charles H. Van Buren was eligible to the office of trustee; that, it appearing from the certificate of the election inspectors that he received a majority of the votes cast for such office at the village election, he was elected thereto; and that the defendant in this proceeding, Frank C. Davis, was duly appointed clerk of the village, and is entitled to perform the duties and hold the books and papers pertaining to such office.

Motion for mandamus denied, with costs.