#### PEOPLE ex rel. GIBSON v. BOARD OF ASSESSORS OF TOWN OF PULTENEY.

(Supreme Court, Special Term, Steuben County. November 3, 1906.)

1. TAXATION—ASSESSMENT OF TAXES—PROCEEDINGS—AFFIDAVITS—CONCLUSIVENESS.

An affidavit that affiant was not the owner or occupant of certain real property was not conclusive on the board of tax assessors, but they were entitled to consider all the information they had on the subject, including the affidavit, for the purpose of deciding that the assessment of the property against affiant was properly made.

2. SAME—ESTATES OR INTERESTS ASSESSABLE—LIFE ESTATES.

Where testator devised the use of certain property to his wife for the time she should remain his widow, and, on her death or remarriage, to his son, on whose death the property should go to the son's heirs, the widow's estate being virtually a life estate subject only to termination by remarriage, the property was taxable against her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 166, 167.]

Certiorari by the people, on relation of Arvesta Gibson, against the board of assessors of the town of Pulteney, N. Y. Writ quashed.

A. A. White, for petitioner.
William H. Nichols, for defendants.

CLARK, J. In 1906 the defendants, assessors of the town of Pulteney, assessed to the petitioner certain lands located in the town of Pulteney, being about one-third of an acre of land lying westerly of and near Lake Keuka. No complaint is made that the assessment was unequal or unjust, and there is no claim made that the property in question is not within the jurisdiction of the assessors of the town of Pulteney. On the 21st day of August, 1906, when the defendants sat as a board to hear complaints with reference to assessments, the petitioner appeared and filed an affidavit with reference to the assessment in question, in which she avers that she never was the owner of the land in question, and was not at the time either the owner or occupant of the premises, and that the assessment was unlawful, illegal, and void, and asked that it be stricken from the roll. No other evidence was given by the petitioner, excepting the affidavit referred to. The defendants declined to strike the assessment from the roll, and this proceeding followed.

The petitioner raises two points: First, that the defendants were bound by the affidavit filed by the petitioner, and, when she stated in that affidavit that she was not the owner or occupant of the property in question, that that settled the matter, and that the defendants were bound to take petitioner's statement as to whether or not she was the owner or occupant of the premises, to the exclusion of any other information that the assessors might have had on the subject. The second point raised by the petitioner is that she not being the owner of the land, but merely having the use of it, the assessment is illegal, and that the property should have been assessed to those who own the fee in the property. I do not think that the first point raised by the counsel for the petitioner is well taken. If boards of assessors were bound to accept the affidavit of a party as to his not owning the property assessed, to the exclusion of all other evidence or any information that the assessors may have on the subject, it is plain enough that it might be difficult to collect taxes at all; for a false affidavit, if that theory were correct, would preclude the possibility of collecting any taxes on property owned by a party who had made such false affidavit. When the defendants received the affidavit of the petitioner and considered the matter, they were acting judicially, and had a right to take into consideration, not only the petitioner's affidavit, but also any other information received by them upon inquiry made as to who was the owner or occupant of the property in question. They were not foreclosed by the affidavit of the petitioner. When they rendered that decision, acting judicially, they had a right to take into consideration all the information they had on the subject, including the affidavit in question, and from all of the information they had, and the facts and circumstances surrounding the case, they made up their judgment and decided that the assessment was properly made.

This property in question formerly belonged to one George Gibson, who died some years ago, leaving the petitioner, his widow, and some children. He left a will, and by the second clause thereof he devised to the petitioner, his wife, the use of the property in question for and during the time she should remain his widow and no longer. At the death or remarriage of his wife he devised the property in question, with other property, to his son, Edward L. Gibson; and, upon the death of Edward L. Gibson, the property in question, together with other property, was devised to the heirs of said Edward L. Gibson, to be divided between them according to the laws of the state of New York.

The petitioner contends that, she having merely the use of the property while she remains the widow of the said George Gibson, it should have been assessed, not to her, but to the children of Edward L. Gibson, who were devised the fee in this property, subject to the use thereof by the petitioner while she remains the widow of George Gibson, and also subject to the life use thereof of Edward L. Gibson, after the remarriage or death of the petitioner. It seems to me that the position of counsel for the petitioner is not well taken. The only question in this case is, Was the property in question properly assessable to her? The devise of this property to this defendant was practically the same as though she had been given the life estate in the property. Indeed,

101 N.Y.S.—12·

it is a life estate, unless she chooses to terminate it by remarriage, and it has long been held in this state that property held by a life tenant should be assessed to such life tenant. Matter of Corbin, 101 App. Div. 26, 91 N. Y. Supp. 797; Wilcox v. Quinby, 73 Hun, 524, 26 N. Y. Supp. 114; Deraismes v. Deraismes; 72 N. Y. 154. Any one of these cases is ample authority for the position of the defendants here that this property was properly taxable to the petitioner, but the case of Deraismes v. Deraismes, supra, I regard as a controlling authority in this matter. This petitioner is practically the occupant of the premises; for, while she may not be living on the property, it is undisputed that she has control of it and receives the rents, issues, and profits of it, and there is no good reason under these circumstances why she should not pay the taxes assessed against the property while she thus enjoys it. There is no certainty whatever that the children of Edward L. Gibson will ever live to enjoy the property devised to them by their grandfather. This petitioner has it in her power by not remarrying to have an absolute life estate in this property. She is enjoying the full use, control, and benefit of the property at this time, and she was enjoying it at the time the taxes in question were levied and assessed against her, and she is the proper person, both equitably and as a matter of law, to pay the taxes. People ex rel. Muller v. Board of Assessors of the City of Brooklyn, 93 N. Y. 308.

The writ of certiorari heretofore granted in this matter, to which the defendants made proper return, must be quashed and the prayer of the petitioner denied, with costs against the petitioner.