## SENECA NATION OF INDIANS v. JIMESON.

(Supreme Court, Special Term, Erie County. January, 1909.)

1. OFFICERS (§ 83*)—TITLE TO OFFICE—ACTIONS—STATUTORY PROCEEDINGS.
     Title to public office can only be determined by an action under Code Civ. Proc. § 1948, providing that the Attorney General may maintain an action against a person who usurps, intrudes into, or unlawfully holds a public office.
     [Ed. Note.—For other cases, see Officers, Dec. Dig. § 83.*]

2. OFFICERS (§ 82*)—TITLE TO OFFICE—ACTIONS—INJUNCTIONS.
     A candidate for president of the Seneca Nation, who apparently received the majority of the votes of his people, and who was recognized by the council of the Nation as president, and who entered on the discharge of the duties of the office, is at least a de facto officer, and his predecessor may be restrained from assuming to act as president until title to the office can be determined by an action by the Attorney General, as authorized by Code Civ. Proc. § 1948.
     [Ed. Note.—For other cases, see Officers, Cent. Dig. § 114; Dec. Dig. § 82.*]

3. INDIANS (§ 27*)—SENECA INDIANS—USURPATION OF OFFICE—INJUNCTION.
     The Seneca Nation, which is a corporation, may maintain an injunction to restrain one from usurping the office of president of the Nation, notwithstanding Indian Law (Laws 1892, p. 1592, c. 679) § 74, providing for the appointment of an attorney of the Nation, who shall, with the consent of the council, prosecute actions, since it does not prohibit the Nation from retaining other counsel to represent it in actions brought in the state court.
     [Ed. Note.—For other cases, see Indians, Dec. Dig. § 27.*]

Action by the Seneca Nation of Indians against George T. Jimeson. Motion to vacate a preliminary injunction denied.

Le Roy Andrus, for the motion.
Hudson Ansley, opposed.

WHEELER, J. By the affidavits read on this motion it appears that in November, 1908, at the biennial election held on the Cattaraugus reservation, one Frank L. Patterson was elected president of the Seneca Nation of Indians, having received a majority of some 64 votes. The defendant in this action was the defeated opposing candidate, and in his answer to the complaint contends the election was illegal and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
     114 N.Y.S.—26

void by reason of alleged bribery of voters and other irregularities. The affidavits disclose, however, that Patterson entered upon the discharge of his duties as president, and is actually performing those duties. The defendant, however, asserts the right to occupy that position by some subsequent election, and as such threatens to interfere with the discharge of the duties of that office by Patterson. This action is brought to restrain the defendant from assuming to act as president of the Nation.

The defendant contends that this action cannot be maintained because it is not brought under the provisions of section 1948 of the Code of Civil Procedure, which provides that the Attorney General may maintain an action against a person who usurps, intrudes into, or unlawfully holds or exercises within the state a franchise or a public office. It is claimed that the remedy given under this section is an exclusive remedy for trying title to a public office.

That title to public office can only be determined by an action under the provisions of section 1948 is undoubtedly the law. People v. Drake, 43 App. Div. 330, 60 N. Y. Supp. 309; People v. Goetting, 133 N. Y. 569, 30 N. E. 968; People v. Brush, 146 N. Y. 60, 40 N. E. 502; City of Buffalo v. Mackay, 15 Hun, 204; Seneca Nation of Indians v. John (Sup.) 16 N. Y. Supp. 40. We feel constrained, notwithstanding, to follow the decision of Mr. Justice Daniels in the case of Seneca Nation of Indians v. John (Sup.) 16 N. Y. Supp. 40, where an action was brought identical in its form and scope, upon the facts alleged, with that presented in this case. In that case the learned justice held that the action was maintainable. The court recognized the rule that section 1948 provided the method of testing title to a disputed office, but held that where one was actually in public office, discharging the duties of the position, and being at least a de facto if not a de jure officer, an action could be properly maintained against another asserting an adverse title, to enjoin interference with the acting official until the title to the position could be legally tested in an action brought under section 1948. In substance, the court said: That the Code of Civil Procedure provided a method of judicially determining disputed claims to public office, and that it was in the interest of order and good government that such proceedings should proceed to final judgment peaceably and without the unseemly contest out of court of rival claimants to the same place; that therefore an action might be maintained, and an injunction granted restraining interference on the part of one of such contestants until their respective claims could be judicially determined. In this case Mr. Patterson seems to have received the majority of votes of his people, to be recognized by the council of his Nation as the lawful president, and to be actually discharging the duties of president. He should be protected in the exercise of the powers and authority of president until it is determined in a proceeding under section 1948 that he is an intruder in the position, and has no legal right to it.

The second point raised on this motion is that this action is not brought by the attorney for the Seneca Nation of Indians, an officer created and provided for by section 74 of the Indian Law (Laws 1892, p. 1592, c. 679). This action, instead of being brought by the attor-

ney for the Seneca Nation of Indians, is brought by one having no such official relation to it, but under and by authority of a resolution of its governing council.

In the earlier case of Jackson v. Reynolds, 14 Johns. 335, it was held that the Indians could prosecute or defend in the courts of the state only by the attorney appointed for them. This earlier case, however, appears to have been overruled by the later decision in Jemmison v. Kennedy, 55 Hun, 47, 7 N. Y. Supp. 296, in which the court said, in effect: That the reasons assigned for holding the rule laid down in Jackson v. Reynolds were no longer applicable to the present status of the Indians, and especially of the Seneca Nation; that much legislation had intervened relative to the Indians since the decision of Jackson v. Reynolds. In the case of Seneca Nation of Indians v. John (Sup.) 16 N. Y. Supp. 40, Mr. Justice Daniels held that, the Seneca Nation of Indians having become a corporation, it had an inherent right as a corporation to maintain just such an action as the one brought in this case. We feel bound to respect and follow that decision until the holding has been reversed by some higher court. See, also, section 55 of the Indian Law. Section 74 of the Indian Law, providing for the appointment of an attorney of the Seneca Nation of Indians, and providing that he shall, with the consent of the council, prosecute such actions and proceedings as he may deem proper and necessary, etc., does not, in terms, prohibit the nation from retaining other counsel, and attorneys to represent it in actions brought in the state court. We agree with the views expressed by Mr. Justice Daniels on the right of the Nation to prosecute an action like this by such attorney as it may select.

For these reasons, the motion to vacate the preliminary injunction is denied, with $10 costs of motion.

So ordered.