### JEWELL v. MOHR.

(Supreme Court, Equity Term, Erie County.   July 8, 1912.)

1. OFFICERS (§ 83*)—TITLE TO OFFICE—ACTION—STATUTORY PROCEEDINGS.
   Title to public office can be determined only by action under Code Civ. Proc. § 1948, providing that the Attorney General may maintain an action against a person who usurps or unlawfully holds a public office, so that an action under General Municipal Law (Consol. Laws 1909, c. 24) §§ 50, 51, which authorizes a taxpayer to sue those occupying a municipal office to restrain them from doing illegal acts, and is framed to afford relief where the official to be restrained is lawfully in office, is improperly brought, where it was claimed that the officer had no right to hold the office.
   [Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 115–123; Dec. Dig. § 83.*]

2. MUNICIPAL CORPORATIONS (§ 138*)—OFFICERS—ELIGIBILITY—OWNERSHIP OF PROPERTY.
   Village Law (Consol. Laws 1909, c. 64) § 42, which provides that a president or trustee must, at the time of his election, own property assessed to him in the last preceding assessment roll, is merely designed to insure that those elected as trustees of a village shall be property owners and taxpayers, and where one elected as trustee was both a property owner and a taxpayer, and requested the board of assessment to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assess the property owned by himself and wife, he was sufficiently quali-
fied to act, though his name did not appear on the list.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§ 242; Dec. Dig. § 138.*]

Action by Judson I. Jewell against Charles Mohr, individually and
as trustee. Defendant moves to vacate a temporary injunction. Mo-
tion granted.

Wallace Thayer, for the motion.
A. Glenni Bartholomew, opposed.

WHEELER, J. It appears from the papers in this action that an
election for village trustees was held in said village on the 19th day
of March, 1912, at which election the defendant was a candidate and
received the highest vote cast by the electors for that office.

It is contended by the plaintiff that the defendant is ineligible to
hold the office of village trustee because by the provisions of section
42 of the Village Law it is required that "a president or trustee,
* * * must, at the time of his election, be owner of property as-
sessed to him in the last preceding assessment roll," and that at the
time of his election he was not so assessed.

The plaintiff therefore demands in his complaint "judgment that
the defendant is not entitled to the office of trustee of the village of
Blasdell, and that he be ousted and excluded therefrom," and that
defendant be enjoined in the meantime from taking part in the meet-
ings of said board, and from exercising the functions of the office.

The affidavits read by the defendant disclose that prior to said elec-
tion, and in August, 1910, he did, in fact, become one of the owners of
real property located in said village, by deed duly recorded in the
county clerk's office; that he subsequently notified the board of asses-
sors of said village that he and his wife had purchased said prop-
erty, and asked to have the assessment changed from the former owner
to the name of himself and wife; that the chairman of the board
promised to make the change; that he supposed and believed that the
change had been made; that, subsequent to said request, bills for vil-
lage taxes were rendered to and paid by him, in which bills the de-
fendant and his wife were named as the owners of the property in
question.

It further appeared by statements of counsel made in open court,
the correctness of which were conceded, that the present board of
trustees of the village had been unable to organize for lack of a quorum,
owing to the absence of one of the number in the Isle of Pines, and
the fact that another member had absented himself from the meet-
ings, and that important official business awaited and demanded the
action of the board.

The defendant asks that the temporary injunction restraining the
defendant from participating or acting as a member of the board be
vacated.

[1] We think the plaintiff has mistaken his remedy. This action
is prosecuted by the plaintiff under the statute commonly known as the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Taxpayer's Act," to restrain the doing of alleged illegal acts on the part of public officials. We do not think the taxpayer's act authorizes the bringing of an action to test the right of a person to an office, or to restrain the exercise of official powers. It authorizes a taxpayer to bring an action against those occupying municipal offices from doing illegal acts (see sections 50 and 51 of the General Municipal Law) ; but the entire statute proceeds upon the theory that the official whose acts are sought to be restrained is lawfully in office, and threatens to do some illegal act.

The act is not framed to afford relief where it is claimed the defendant has no right to the office, and where the relief sought is to oust him from office, or prevent him from assuming office. Greene v. Knox, 175 N. Y. 432, 67 N. E. 910. This is exactly what the plaintiff seeks to accomplish in this action, as shown by the prayer for judgment.

The title to public office can only be determined by an action brought by the Attorney General, pursuant to the provisions of section 1948 of the Code of Civil Procedure. People v. Goetting, 133 N. Y. 569, 30 N. E. 968; People v. Brush, 146 N. Y. 60, 40 N. E. 502; People v. Drake, 43 App. Div. 330, 60 N. Y. Supp. 309; Seneca Nation v. Jimeson, 62 Misc. Rep. 92, 114 N. Y. Supp. 401.

In certain cases an action in equity may be maintained, where one person is actually in office and exercising the powers thereof, to restrain another from interfering with the acting official until the title to the position can be legally tested in an action, under section 1948 of the Code, to prevent unseemly contests out of court of rival claimants to the same place. Seneca Nation v. Jimeson, 62 Misc. Rep. 91, 114 N. Y. Supp. 401.

Such, however, is not this case. The defendant has not only received the largest vote and been awarded a certificate of election; but there is no one in office acting as trustee whom he threatens to displace.

This view of the case necessitates that the preliminary injunction be vacated.

[2] It might well be held, we think, in addition, that the object and purpose of the Village Law, § 42, is simply to insure that those elected as trustees of a village shall be property owners and taxpayers of the village, to the end that they may have the proper interest in the village welfare and prosperity; that the defendant was in fact, at the time of his election as trustee, both a property owner and taxpayer; that he had done all that could be reasonably required of him when he requested the board of assessors to assess the property owned by him and his wife to them on the assessment rolls; and that the omission and oversight of the board to make the proper change in names ought not to prejudice him in his eligibility for the office to which he was elected.

It is not necessary, however, for this court to so hold on this motion, for we think the other objections fatal to the continuance of this injunction.

The injunction is therefore vacated, with $10 costs of motion.

So ordered.