(80 Misc. Rep. 552.)

PEOPLE ex rel. WORTH v. KANAR.

(Supreme Court, Trial Term, Onondaga County. May 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 124*)—OFFICERS—QUALIFICATIONS.

Village Law (Consol. Laws 1909, c. 64) § 42, provides that a president, etc., must at the time of his election be owner of property assessed to him on the last preceding assessment roll, and must also be the owner during the term of his office of property assessed to him on the assessment roll of the village. Defendant, who claimed to have been elected village president on March 18, 1913, had prior to that time purchased several lots and taken a title in his wife's name, occupying a part of the land as an office building, and the property was assessed to him on the assessment roll for 1912, and on March 8, 1913, his wife deeded to him a lot from the land previously purchased by him and taken in his wife's name. Held, that defendant was eligible to election.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 290–297; Dec. Dig. § 124.*]

2. ELECTIONS (§ 298*)—JUDICIAL INTERFERENCE.

The courts should not lightly set aside an election of one who has been fairly elected by the voters.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 303, 305; Dec. Dig. § 298.*]

3. OFFICERS (§ 19*)—PROPERTY—QUALIFICATION.

Statutes limiting the eligibility of persons to hold office by requiring property qualifications should not be extended by judicial construction beyond the clear meaning of their language.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 22, 23; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date, & Rep'r Indexes

Proceeding by the People, on the relation of Francis L. Worth, against William P. Kanar, to try title to office. Judgment for defendant.

William Ryan, of Syracuse, for relator.

White, Cheney, Shinaman & O'Neill, of Syracuse, for defendant.

HUBBS, J. The village of Solvay, Onondaga county, is a municipal corporation organized under the Village Law of the state. There is only one election district in the village. At the village election held on March 18, 1913, there were two candidates for the office of village president, the relator, Francis L. Worth, and the defendant, William P. Kanar. The defendant received at such election 512 votes, and the relator 406 votes. The defendant filed an oath of office with the clerk of the village and is acting as president of the village. On March 20, 1913, the board of trustees of said village adopted a resolution declaring that the defendant was ineligible to hold the office of president of the village under section 42 of the Village Law, that the relator was eligible to hold the office of president, and declaring him elected. This action is brought to oust the defendant from the office of president and for a judgment awarding the office to the relator. The case is submitted upon an agreed statement of facts, and the only ground upon which the relator relies for relief is that the defendant did not possess at the time of the election the qualifications required by section 42 of the Village Law (Consol. Laws 1909, c. 64).

The defendant is a physician, 49 years of age, and has resided in the village of Solvay for 20 years. About 12 years ago he purchased, on a contract, a house and lot in said village known as No. 517 Milton avenue. In 1909 a deed of the property was taken in the name of his wife. During that time the property was assessed to the defendant, and he paid the taxes thereon, and made all repairs and improvements thereon. In 1911 the defendant purchased a lot of between one and two acres, known as 404 Orchard Road, in said village, and took the title in the name of his wife. He paid the purchase price for the land, and built a house and barn on the lot; and he occupied the house and an office in connection therewith, and on the building was his physician's sign. This property was assessed to the defendant on the assessment roll of the village for the year 1912, the last preceding assessment roll prior to the election in question. On March 8, 1913, ten days prior to the election in question, the defendant's wife deeded to him a lot off from said parcel of land at 404 Orchard Road; said lot being 100 feet wide and 225 feet deep. The deed was delivered to him on the day which it bears date, and the land conveyed by the deed was a part of the land assessed to the defendant on the assessment roll of 1912.

[1] Section 42 of the Village Law reads as follows:

"A president * * * must, at the time of his election, be owner of property assessed to him on the last preceding assessment roll. * * *"

The position of the relator is that the defendant is not eligible to hold the office of president of said village, because he was not the owner of the property assessed to him on the last preceding assess-

ment roll at the time it was so assessed. The relator contends that the words "assessed to him" should be construed to mean "owned by him" at the time said assessment roll was completed. It is conceded that the property was assessed to him upon the last preceding assessment roll, and it is conceded that at the time of the election he was in fact the owner of part of the property so assessed to him upon the last preceding assessment roll.

[2] Under the literal reading of section 42, the defendant was qualified to hold the office, and, if the will of the voters of the village of Solvay is to be disregarded, and their expressed choice ignored, it must be by a construction of this section not justified by the wording of the section itself. Courts should not lightly interfere and set aside the election of a person who has been fairly elected by the voters. The will of the majority as expressed by the ballot should be controlling and binding, unless there is some clear and positive reason why their will should be ignored and the person elected declared to be ineligible.

[3] In cases where a statute limits the eligibility of persons to hold office by requiring property qualifications, the statute should not be extended by judicial construction beyond the clear meaning of the language used. In such cases the courts will hold that the Legislature embodied in the statute all of the qualifications required. In the case of People ex rel. Gerst v. Davis, 43 Misc. Rep. 397, 89 N. Y. Supp. 334, Justice Cochrane, writing in reference to section 42 of the Village Law as it stood at that time, says:

"It thus appearing that a candidate for village trustee is subjected to a stricter and severer rule of eligibility than under the former statute, it would be improper to extend such rule still further by a forced construction of the statute, and by reading into the statute a meaning which the language thereof does not naturally import. The ordinary and natural interpretation of the statute in question makes it more difficult for a person to be eligible to the office of village trustee than under the former statute, and there is no necessity to make it even more difficult, by a construction of the present statute which would be unnatural and would do injustices to the phraseology thereof."

The purpose of section 42 of the Village Law is to secure for the position of presidents of villages persons who are interested, and by reason of their interest may be expected to be careful and economical in administering the affairs of the village. In the case of Jewell v. Mohr (Sup.) 136 N. Y. Supp. 273, Justice Wheeler wrote as follows:

" * * * The object and purpose of Village Law, § 42, is simply to insure that those elected as trustees of a village shall be property owners and taxpayers of the village, to the end that they may have the proper interest in the village welfare and prosperity. * * * "

In that case Justice Wheeler stated in the opinion that, where the candidate was actually the owner of property, he was not disqualified because of the fact that the assessors of the village had failed to change the assessment from the name of the former owner of the property, although they had been instructed to do so by the candidate.

The property in question was legally assessed in the year 1912, although the defendant, in whose name it was assessed, was not the legal owner at the time of the completion of the assessment roll. He was, however, in occupation of the property; he was the reputed own-

er in possession. Tax Law (Consol. Laws 1909, c. 60) §§ 9, 20, 21, as amended by Laws 1911, c. 315. The tax levied on the property in question was a valid lien, and the property could have been sold to enforce the collection of the tax.

Section 42 of the Village Law also contains the following provision:

" * * * And must also be the owner during the term of his office of property assessed to him on the assessment roll of said village. * * *"

It is urged by the defendant that, if the words "assessed to him" implied ownership of the property at the time of the assessment, as contended by the relator, there would have been no necessity of the last-quoted provision providing for both ownership of the property and assessment of the property to the office holder during his term of office. The author of Bender's Village Laws, in his note to section 42, at page 25, says:

"The property qualification provided hereby, of course, enables a candidate for office to become the owner of assessed property for the mere purpose of establishing his eligibility; but the provision requiring that such ownership shall continue 'during his term' would seem to protect against serious abuse of the privilege."

Real estate owned by a nonresident of a village is properly assessed to the tenant or occupant. Such tenant or occupant, by acquiring the legal title to such real estate before the election, would be eligible under section 42 of the Village Law to hold the office of president. The Legislature, in framing section 42, might very well have had such a situation in view.

The action of the board of trustees at their meeting on March 20, 1913, in declaring the defendant ineligible to hold the office of president, was clearly without legal justification and of no force or effect. People ex rel. Gerst v. Davis, 43 Misc. Rep. 397, 89 N. Y. Supp. 334.

My conclusion is that the defendant, William P. Kanar, was at the time of the election eligible to the office of president of the village, that he received a majority of the votes cast for such office at the village election, and was duly elected, and is entitled to hold such office.