# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING JUNE, 1921.

---

PEOPLE ex rel. NICHOLAS A. DEJOHN, Relator, *v.* FREDERICK E. LYTLE, Respondent.

(Supreme Court, Wayne Special Term, June, 1921.)

Public officers — one duly elected as trustee of a village cannot be deprived of his office by defect in assessment roll.

In an action to try the title of relator who at the election of officers for the village of Lyons, N. Y., held March 8, 1921, was a candidate for the office of trustee, it appeared that relator who received nearly four times the number of votes cast as did the defendant, who was declared elected, possessed all the statutory qualifications of eligibility, except his name on the assessment roll as the designated owner of the property that he owned, which defect was not occasioned by his failure to have his name inserted in place of that of a former owner, nor for the reason that he had not owned the property at the time it was assessed, but simply because his name was carelessly stricken from the roll where it rightfully belonged. *Held*, that he was entitled to the relief demanded.

ACTION to exclude the defendant from the office of village trustee for the first district of the village of Lyons, N. Y., and for judgment declaring the relator entitled to said office.

Charles D. Newton, Attorney-General (Charles T. Ennis, of counsel), for plaintiff.

Charles P. Williams, for defendant.

**1**

STEPHENS, J. At the election of officers for the village of Lyons, held March 8, 1921, the relator and the defendant were candidates for the office of trustee of the first district in said village; on the day following, the trustees, as it was their duty to do, met as a board of canvassers and canvassed the votes cast at the election; it was found that the relator had received 160 votes for said office and the defendant 44 votes; by resolution, however, the board declared that the relator was not the owner of any property assessed to him upon the last preceding assessment roll in the village and was, therefore, ineligible to hold the office of trustee and the defendant was declared elected.

This action was brought to try the title to the office; a jury trial was waived by the parties, and the facts being undisputed there remains to be determined only a question of law that requires an interpretation of the charter of the village of Lyons relating to the eligibility of its officers.

The charter provision is identical with that relating to the same subject in the Village Law, both providing that a trustee " must, at the time of his election, be owner of property assessed to him on the last preceding assessment roll." Laws of 1907, chap. 750, § 9; Village Law, § 42.

The relator at the time of the election was not the owner of property assessed to him upon the last preceding assessment roll; no property, either real or personal, was assessed to him; it is established, however, that in the years 1916, 1917, 1918, and 1919 there was assessed to him and his brother Philip, upon the assessment roll for those years, real estate, situated on Shuler street in said village, that had been conveyed to them and two other brothers, as tenants in common, by their father and mother, the grantors

reserving a life estate in said premises; in the assess-
ment roll for 1920 the premises, so conveyed, were
assessed to the father Frank DeJohn; it is argued by
the defendant that the premises were properly asses-
sed in the latter year, and that the relator was not
prejudiced by the change. *Deraismes* v. *Deraismes,* 72
N. Y. 154; *Matter of Corbin,* 101 App. Div. 25; *People
ex rel. Gibson* v. *Assessors,* 101 N. Y. Supp. 176.

Be this as it may, the relator's eligibility does not
depend exclusively upon the assessment of the Shuler
street property, for in 1917 his father conveyed to
him and his said three brothers, as tenants in common,
certain real estate in the village, situated on William
street; in the years 1918 and 1919 this property was
assessed to the relator and his brother Philip; in the
year 1920 it was assessed to the father, Frank DeJohn;
it thus appears that upon the assessment rolls for the
two years preceding 1920 the relator was the owner
of property assessed to him upon said rolls and that
in 1920 he was the owner of property assessed errone-
ously to his father.

Our inquiry, therefore, is whether the provisions of
the statute, above quoted, require a construction so
literal as to deny the relator an office which he had
been selected by the voters in his district to fill, though
he was an owner of property assessed upon the last
preceding assessment roll, but which through error
was not assessed to him but to another.

In the construction of statutes the quest is primarily
and always for the legislative intent and in seeking
for it the history of the legislation under scrutiny and
the conditions that it purposes to regulate or control
may properly be resorted to for such aid as they may
yield.

In the first general law, relating to the incorpora-
tion of villages, there was no provision as to quali-

fications of trustees except that they be entitled to vote at the election at which they should be elected. Laws of 1847, chap. 426, § 21.

The Constitution of 1821 prescribed one of the necessary qualifications of an elector to be, that he should have paid a tax, except in certain cases of exemption; the property qualification was eliminated by an amendment in 1826 in the case of white citizens, but it was retained as to men of color until the amendment of 1874; it may be remarked in passing that an amendment of the Constitution was ratified in November, 1845, providing "No property qualification shall be required to render a person eligible to, or capable of, holding any public office or public trust in this state." This prohibitory provision was not continued in the Constitution of 1846 or in its successor.

In 1870 the legislature enacted a new general Village Law which provided that no person shall be eligible as a president or trustee of a village unless owning property liable to be assessed for the expenditures of the village. Laws of 1870, chap. 291, tit. II, § 9.

In the statutory revision of 1897 it was provided "A president or trustee * * * must, at the time of his election and during his term, be the owner of property assessed upon the last preceding assessment roll of the village * * *." Laws of 1897, chap. 414, § 42.

By a later amendment, chapter 452 of the Laws of 1906, section 42, the further element of qualification was added, that the property owned by the candidate and assessed upon the last preceding assessment roll must have been assessed to him upon said roll; this enactment emerged without change from the process of statutory consolidation in 1909.

It will be observed that under the General Village Law from 1847 to 1870 any person was eligible to the

office of trustee who was an elector and, except in the case of men of color, the ownership of property was not necessary; from 1870 to 1897 one must have owned property, liable to assessment; from 1897 to 1906 he must have owned property assessed upon the last preceding assessment roll and from the latter year to the present, the owner of property assessed to him upon said roll, with one exception later to be noticed.

The village of Lyons was first incorporated by a special act of the legislature in 1831 (chap. 135); the qualifications of a trustee, as prescribed by that act, were that he should be a resident and free holder in the village; this charter was superseded by that of 1854 (chap. 388) and the qualifications of candidates for office were that they should be residents of the village and entitled to vote at any general election for a member of the assembly; this charter in turn was succeeded by that of 1907 (chap. 750) in which the eligibility of officers was made the same as in the General Village Law as above stated.

From 1831 to 1854 only free holders were eligible to the office of trustee in the village of Lyons; from 1854 to 1907 any elector was entitled to hold the office and from the latter date to the present time only one who owns property, either real or personal, assessed to him upon the last preceding assessment roll.

The obvious purpose of the legislature in requiring a property qualification of village officers and of voters in villages upon propositions to raise and expend moneys is to secure the administration of village finances by those who have a direct and intimate interest in the tax rate; this purpose is reflected in all of the legislation, both general and special, that prescribes a property qualification and the variant phrases in which this purpose is expressed, that an

officer shall be a free holder, owner of property liable to be assessed, owner of property actually assessed, and finally, owner of property assessed to him, are not indicative of any change in legislative intent as to the fundamental purpose, the differences in legislative expression relate only to the evidence by which the pecuniary and intimate interest of the candidates for office shall be manifest; in addition to the statutory provisions already noticed further references lead to the same result; a voter upon a proposition in a village must own property assessed, though it need not be assessed to him (Village Law, § 41); an elector of a town cannot vote upon a proposition to raise or appropriate money unless he own property, which was assessed to him upon the last preceding roll (Town Law, § 53); in certain villages one is qualified to hold the office of police commissioner if he be the owner of property assessed upon the roll. Village Law, § 312.

Even more significant is the amendment to section 42 of the Village Law, enacted in 1915 (chap. 152), which made it no longer necessary that the ownership of property by an officer in villages of the fourth class should be evidenced by the assessment of that property to him, though it is still requisite that he be the owner of property assessed; the essential element of ownership is preserved but the evidence of it is not considered so important in the smaller village communities.

It may be suggested here that the requirement that the property be assessed upon the roll in the name of the person who is a candidate for office serves a further purpose than supplying evidence of ownership for it necessitates a certain period of ownership as well.

However much one may hesitate to accept all that has been said in this connection there will, I think, be general agreement in regard to the fundamental pur-

pose of the legislature is prescribing property quali-
fications of electors, to a limited extent, and officers
generally, in villages. *Spitzer* v. *Village of Fulton,*
172 N. Y. 285.

Our adventure in the pursuit of the legislative intent
brings us now to close grips with our problem.

By the literal interpretation of the statute the
relator was ineligible; he possessed, however, all the
statutory qualifications of eligibility, except his name
on the assessment roll as the designated owner of the
property that he owned; this defect was not
occasioned by his failure to have his name inserted
in place of that of a former owner, nor for the reason
that he had not owned the property at the time it was
assessed, but because his name was carelessly stricken
from the roll where it had rightfully belonged.

It must be presumed that the law makers enacted
the statute under scrutiny to meet conditions then
known to exist or such as might reasonably be antici-
pated; the legislature has not spoken concerning the
situation that confronts us here, for it is outside the
area of the known and of reasonable anticipation, and
we may be quite confident that it never intended and
would not now or hereafter intend to accomplish such
a result as the defendant seeks to achieve; that while
it is within the letter of the statute it is not within
the statute for the reason that it was not within the
intent of the law makers. *Lake Shore & M. S. Ry. Co.*
v. *Roach,* 80 N. Y. 339; *Delafield* v. *Brady,* 108 id. 524;
*Riggs* v. *Palmer,* 115 id. 506; *Spencer* v. *Meyers,* 150
id. 269; *People* v. *Adams,* 176 id. 351.

Further reference to section 42 of the Village Law
and to the charter of the village of Lyons (Laws of
1907, chap. 750, § 9) confirms this view; for it is pro-
vided that a trustee " must also be the owner during
his term of office of property assessed to him on the

assessment roll of the village;" a strictly technical interpretation of this language would operate automatically to deprive a trustee of his office though duly qualified when elected, if the assessors should afterward and during his term make a mistake similar to that which confronts us in this case, and omit his name from the assessment roll.

The conclusion we have reached which preserves all the essential purposes and safeguards of the statute finds some support in *Jewell* v. *Mohr,* 136 N. Y. Supp. 273; the other cases to which attention has been called (*People ex rel. Gerst* v. *Davis,* 43 Misc. Rep. 397, and *People ex rel. Worth* v. *Kanar,* 80 id. 552), are not pertinent to our inquiry.

The relator is entitled to the relief he demands; appropriate findings may be prepared for signature in accordance herewith.

Ordered accordingly.