PETER NAYLOR and BENJAMIN HAXTUN, Individually and as Trustees under the Will of PETER NAYLOR, Deceased, Respondents, *v.* ELIZABETH N. GALE, Appellant, Impleaded with Others.

*Testamentary trustees — commissions — at what time finally determined.*

The commissions of testamentary trustees are governed by the law in force at the time of the settlement of their accounts, notwithstanding the services may have been performed prior to the enactment of such law.

At the time of the settlement of the accounts of two testamentary trustees of an estate amounting to over $100,000, chapter 636 of the Laws of 1892, amending section 2736 of the Code of Civil Procedure, was in force, providing that: "Where the value of the personal estate of the decedent amounts to $100,000, or more, over all his debts, each executor or administrator is entitled to the full compensation on principal and income, allowed by law to a sole executor or administrator, unless there are more than three." The accounting went back to December, 1883.

*Held,* that the law of 1892, in force at the time of the accounting, enlarged the trustees' right to commissions as to income received and disbursed prior to its enactment, and, hence, that each of the two trustees was entitled to full commissions on income, for the entire period covered by the accounting;

*Semble,* that the law existing at the time of each annual rest does not finally determine the right of the trustees to commissions for that year.

*Savage* v. *Sherman* (24 Hun, 307; 87 N. Y. 283), followed.

· *Semble,* that questions as to the validity of the trust cannot be considered in an action brought simply to pass the accounts of trustees under a will.

APPEAL by the defendant, Elizabeth N. Gale, from portions of a judgment of the Supreme Court, rendered at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 8th day of June, 1893, confirming the report of a referee.

Chapter 636 of the Laws of 1892, approved May 16, 1892, is as follows: "Section 1. Section 2736 of the Code of Civil Procedure is hereby amended so as to read as follows: § 2736. Where the value of the personal estate of the decedent amounts to one hundred thousand dollars, or more, over all his debts, each executor or administrator is entitled to the full compensation on principal and income, allowed by law to a sole executor or administrator, unless there are more than three, in which case the compensation to which three would be entitled, shall be apportioned among them according to the services rendered by them respectively; and a like apportion-

ment shall be made in all cases where there shall be more than one executor or administrator."

(Section 2736 of the Code has been repealed since the accounting in suit, by chapter 686 of the Laws of 1893, and its provisions incorporated in section 2730.)

By section 2811 of the Code, section 2736 was declared to apply to and regulate the like matters, where a testamentary trustee accounted.

The trust estate in suit consisted of personal property amounting to more than $100,000.

*Eustace Conway*, for the appellant.

*Treadwell Cleveland*, for the respondents.

VAN BRUNT, P. J. :

This action was brought for the settlement of the accounts of the plaintiffs as trustees of Peter Naylor, deceased, for the period since December 7, 1883, to which date their accounts had been heretofore judicially settled, and to obtain the acceptance of the resignation and discharge of the plaintiffs as trustees of said trust.

There is no dispute made as to the correctness of the accounts submitted by the trustees. But exception is taken to the allowance by the referee to each of the trustees of full commissions on income computed as upon annual accountings. And it is also contended that the respondents are not trustees of the appellant, and are, therefore, not entitled to any commissions whatever.

The questions sought to be raised as to the validity of the trust cannot be considered in this proceeding, as the action was simply brought to pass the accounts of the plaintiffs under the will in question. And it would be sufficient, if there were no other reason to dispose of the right of the appellant to question the validity of the trust, to say that no such issue is presented upon the papers before us. But we do not by any means intend to hold that, had the appellant attempted to raise such an issue, it could have been done in this action.

The only question, therefore, to be considered is whether the referee erred in holding that each of the plaintiffs is entitled as trustee to full commissions on income computed as upon annual accountings.

It is admitted that were it not for the law of 1892 the plaintiffs would have been entitled to but one commission, and the question presented is whether by the law of 1892 their claim has been enlarged as to income received and disbursed prior to that time. As already suggested, the accounting in this action goes back to December, 1883. If the question were an open one, in view of the fact that trustees, unlike executors, have a right to deduct for their compensation full commissions on the income actually received before paying it over (*Matter of Mason*, 98 N. Y. 527; *Matter of Selleck*, 111 id. 284), and that this right accrues annually, I should incline to the opinion that the law, which existed at the time their right accrued, namely, at the end of each year, should govern the right of the trustees to commissions for that year.

It is true that in the case of executors it has been frequently held that the law existing at the time of the passage of their accounts is the statute which governs in respect to their compensation, upon the ground that an executor is not entitled to any compensation until the final execution of the duties imposed upon him. And hence no right to commissions accrues until the settlement and passage of his accounts, and such is the rule laid down in the case of *Dakin* v. *Demming* (6 Paige, 95), and since followed. But, as already observed in the case of a trustee in respect to income, his right to commissions accrues annually, and he has a right annually to collect the same; therefore, it would seem that his claim for commissions accrues at the end of each year.

But we think that the Court of Appeals, in the case of *Savage* v. *Sherman* (87 N. Y. 283), has established a different rule, and made the rights of trustees in this respect exactly similar to those of executors. In that case, in the court below (24 Hun, 307), it was held that the commissions of trustees were to be governed by the law in force at the time of the settlement of their accounts; and this rule was distinctly approved.

It follows, therefore, that the referee was correct, and that the judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.