(Surrogate's Court, Westchester County. October, 1902.)

1. TESTAMENTARY TRUSTEES—COMPENSATION,
   Code Civ. Proc. § 2811, provides that section 2736, relating to the compensation of executors and administrators, shall apply, as amended, to trustees as well as executors. Such section provided for the compensation of executors when the value of the personal estate amounted to $100,000 or more over all debts, and that each executor should be entitled to full compensation, unless there were more than three. *Held* that, where a trust estate's annual income amounted to less than $100,000, the trustees, however numerous, were together entitled to only one commission at the statutory rate.

In the matter of the accounting of the trustees of Harry Holbrook. Decree rendered.

Grant Notman, for trustees.
Anson Baldwin, special guardian.

SILKMAN, S. The claim is made by the trustees that they are each entitled to a full commission upon the income, although the aggregate annual income is much less than $100,000. Prior to the amendment of section 2736 of the Code of Civil Procedure in 1892, not more than one full commission upon income could be allowed upon the accounting of either executors or trustees where there were more than one, unless such income amounted to $100,000 or more annually. In re Willets, 112 N. Y. 289, 19 N. E. 690. That section then read:

"Where the value of the personal estate of the decedent amounts to one hundred thousand dollars or more, over all his debts, each executor or administrator is entitled to the full compensation (on principal and income) allowed by law to a sole executor or administrator, unless there are more than three, in which case the compensation to which three would be entitled shall be apportioned among them according to the services rendered by them respectively; and a like apportionment shall be made in all cases where there shall be more than one executor or administrator."

The words in parentheses were not in the original section, but were added by Laws 1892, c. 636. By section 2811 of the Code of Civil Procedure this section 2736 was declared to apply to trustees as well as to executors. If this section 2736, as then amended, and with the words "on principal and income" interpolated, became a part of section 2811, it remained so only until the next session of the legislature, when sections 2734 to 2741, inclusive, were repealed, and section 2730, which in terms applied to executors only, was amended to include the substance of sections 2734 and 2741. Laws 1893, c. 686. This legislature of 1893 left section 2811 as it was with its reference to section 2736. What the legislature really intended it is difficult to say,—whether, by the repeal of section 2736, they intended to repeal the reference to it contained in section 2811, or whether it intended section 2736 should continue to be read as amended into section 2811; or whether the intent of the repeal was to destroy the amendment of 1892, and leave section 2811 to be read with its reference to section 2736 as originally enacted. The latter, I think, is the only construction which it is fair to adopt. It can hardly be that by oversight or inadvertence section 2811, with its reference to section 2736, has been allowed to remain in its present form for so many years. Nevertheless, we find in section 2811 a reference to section 2733. The original section 2733 related to the form of affidavit to be attached to an executor's account, but in the convulsion of 1893, when the legislature altered some sections and repealed others, we find an entirely new subject covered by section 2733, namely, advancements, with which trustees have nothing to do, and which is something to be wholly disposed of before the trustees as such take possession of the state. The court of appeals, in Hurlburt v. Durant, 88 N. Y. 122, held that the then sections 2736 and 2811 of the Code contained the statutory provisions for the compensation of executors and testamentary trustees. In Re Todd, 64 App. Div. 435, 72 N. Y. Supp. 277, the court say:

"Sections 2802 and 2730 of the Code of Civil Procedure clearly contemplate that the estate shall be charged certain fees for the receiving and paying out of the money coming into the hands of the trustee."

The court apparently follows section 2736 in its consolidation with other sections into section 2730, and finding further authority in section 2802 for allowing trustees the same commission as executors. The facts in the Todd Case did not necessarily call to the attention of the court the confusion in the legislation, and it was not necessary to the decision of that case that the court should have considered it. Section 2802 would seem to relate entirely to annual accounts of trustees, and these accounts must necessarily be accountings of income; and if, under the authority of that section, trustees are to have the same compensation as executors, then we must regard the income as a separate and distinct fund from the principal for the purpose of determining such compensation, and which construction is consistent with the view which I hold.

I do not think that, even if section 2736 stood to-day as amended in 1892, it would authorize the granting of more than one commission upon income to trustees where such annual income was less than $100,000. I think the object and intent of the amendment of 1892 was

to obviate the question which had arisen frequently in surrogates' courts, namely, could the surrogate, in determining whether the amount of the estate was more or less than $100,000, add the income received by executors to the amount of the estate as it came into their hands upon the death of the testator? In order to set at rest the doubt upon this point, the legislature directed that such income might be included with the principal. In enacting section 2811, making the provisions of section 2736, with other sections, applicable to trustees as well as executors, it was only intended to make the application so far as it might be pertinent and reasonable. Executors and administrators collect income merely because they are, for the time being, possessed of the assets of decedent for the purposes of administration, and of necessity must receive the income during that limited period. Their commissions are calculated upon the estate in their hands as one fund. With trustees it is different. The principal and the annual income are separate funds. The trustees are entitled to commissions upon principal at the statutory rate of 5 per cent. on the first $1,000, 2½ per cent. on the next $10,000, and 1 per cent. on the balance. They are also entitled to treat each year's income as a separate fund for the purpose of arriving at the commissions calculated in the same way. If we are to accept the construction claimed here by the trustees, then we must regard the principal and income in the hands of the trustees as one fund, and, having had their 5 per cent. on the first $1,000 and 2½ per cent. on the next $10,000 once, they cannot have it twice, and on all subsequent income the commissions can only be allowed upon the 1 per cent. basis.

Counsel for the trustees also claim that the rule laid down in Re Willets, supra, has been abrogated by the amendment of 1892 to section 2736. I do not think that the legislature intended to alter the wise and salutary rule regulating trustees' commissions on income laid down in that case. The court there say:

"When trustees account in reference to commissions which they are required annually to pay over and account for, no matter how much the principal may be, or how much the estate of the decedent may have been, section 2736 does not apply, unless the income exceeds one hundred thousand dollars, and more than one commission can be allowed only in case the sum upon which commissions are computed amounts to at least one hundred thousand dollars."

The decree may provide for the allowance of one commission upon income to be divided between the three trustees, calculated with annual rests at the rate of 5 per cent. on the first $1,000, 2½ per cent. on the next $10,000, and 1 per cent. upon the balance.

Decreed accordingly.