1 TRUSTEES—COMPENSATION.
   Under Code Civ. Proc. § 2730, where the trust fund in personalty exceeds $100,000, the trustees, not exceeding three, are each entitled to executor's commissions on the annual income received and disbursed.

2. ACCOUNTING—RES JUDICATA.
   Errors in a decree on accounting as to matters not then directly passed upon are not res adjudicata in subsequent accountings of the same estate.

In the matter of the estate of Samuel I. Hunt, deceased. Motion to confirm report of referee on account of trustee. Report modified, and confirmed.

W. W. Buckley, for trustees.
Marston Niles, for executor.
Hamilton & Beckett, for contestant.

THOMAS, S. The two surviving trustees of the trusts created by the will of the testator are accounting for their acts and the acts of their deceased co-trustee for the period between January 1, 1893, and July 1, 1900. There are two separate trusts, one as to $20,000 of principal, and the other as to the balance of the estate, amounting to upwards of $330,000 of principal in personalty, besides con-

siderable valuable real estate. The trustees have deducted sums for commissions for which they ask allowance. As to the trust of the $20,000 fund, they took one commission from each year's income, which they divided between them, and as to this no objection is made. As to the larger trust, which of personalty alone exceeded $100,000 of capital, they took one commission for each of the three trustees. No one year's income amounted to $100,000, and it is objected that only one commission is allowable. This objection is sustained by the referee, and his ruling is challenged before me on an application to confirm his report.

As the Code provisions applicable stood prior to 1892, the rule approved by the referee was the doctrine of the Court of Appeals as laid down in Matter of Willets, 112 N. Y. 289, 19 N. E. 690, and in McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475. The sections of the Code of Civil Procedure then construed were numbered 2736, relating to commissions of executors and administrators, and 2811, which referred to section 2736, and declared its provisions to apply where a testamentary trustee accounts. An amendment was made to section 2736 by Laws 1892, p. 1189, c. 636, and it was determined by the General Term in this department in Naylor v. Gale, 73 Hun, 53, 25 N. Y. Supp. 934, that the effect of such amendment was to entitle each of two testamentary trustees to a full commission on each year's income received and disbursed, where the capital of personalty exceeded $100,000. By Laws 1893, p. 1673, c. 686, sections 2735 to 2741, both inclusive, were repealed, and no new sections bearing those numbers have since been enacted. The provisions of the former section 2736 as to commissions of executors and administrators were, however, incorporated into a new section, numbered 2730, enacted by the statute of 1893. Section 2811, referring to section 2736, as applicable to accounting testamentary trustees, remains unaltered. This makes some confusion, and the learned surrogate of Westchester county has determined in Matter of Holbrook, 39 Misc. Rep. 139, 78 N. Y. Supp. 972, that the fair inference is that the intent of the Legislature was to repeal the amendment of 1892, and to leave section 2811 to be read with its reference to section 2736 as originally enacted, with the result that only one commission can be allowed. I cannot follow his reasoning, and, if the repealed section 2736 is still in force because of the reference to it contained in section 2811, it seems to me it exists in its latest form, and as it was substantially re-enacted and incorporated in another Code section. Stat. Const. Law, Laws 1892, p. 1487, c. 677, §§ 31, 32, as amended by Laws 1894, p. 911, c. 448. In the latest decision of the Court of Appeals upon this subject the present section 2730 of the Code is relied upon, and a reference to that section in section 2810 is suggested as the foundation for its present application to testamentary trustees. Matter of Johnson, 170 N. Y. 139, 143, 63 N. E. 63. This case seems to me to be a binding authority to the effect that the present statute as to the commissions of executors and administrators is applicable to accounting testamentary trustees. The General Term decision in Naylor v. Gale, supra, is also binding upon me as to the force and

effect of the statute as it now stands, and requires that on this point the report of the learned referee must be reversed, and that the three commissions must be allowed as charged in the account.

The referee properly disallowed the payments made by the trustees for taxes on the Morristown real estate. These taxes were properly payable by the life tenant, and no provision in the will can fairly be construed to justify or require the trustees to pay them. The fact that similar payments shown on previous accountings were not objected to, and were, therefore, allowed, is not an answer to the present objections. The effect of a surrogate's decree on an accounting as to matters not litigated and questions not directly passed upon is not precisely the same as is the effect of a judgment of a court of general jurisdiction (Code Civ. Proc. § 2742), and the fact that as to such matters and questions it was erroneous does not create a binding precedent, or require a repetition of such errors in subsequent accountings as to the same estate. Bowditch v. Ayrault, 138 N. Y. 222, 231, 33 N. E. 1067; Matter of Hoyt, 160 N. Y. 607, 618, 55 N. E. 282, 48 L. R. A. 126; Matter of Perkins, 75 Hun, 129, 26 N. Y. Supp. 958, affirmed 145 N. Y. 599, 40 N. E. 165; Frethey v. Durant, 24 App. Div. 58, 48 N. Y. Supp. 839.

The contention of the objectants that one of the trustees should be held liable to reimburse the estate for loss incurred because of the failure of a bank in the stock of which some of its funds were invested has made it necessary for me to make a somewhat laborious examination of the voluminous testimony upon this subject. By the terms of the will, a wide discretion as to investments was given to the trustees, and it was not seriously contended that any of the trustees could be held for this loss in the absence of proof of positive bad faith, and as to only one of the trustees was it contended that such proof had been furnished. Without analyzing all of the testimony, I think it sufficient to state that I agree with the learned referee that the evidence will not justify a finding that the trustees, or any of them, acted dishonestly, or with culpable negligence, with regard to this investment. In all respects, except as above set forth, the report of the referee is confirmed.

Decreed accordingly.