FRANK E. O'REILLY and MARY JOSEPHINE HEANEY, Executors, etc.,
of ARTHUR J. HEANEY, Deceased, Plaintiffs, *v.* C. HENRY PLATT,
Defendant.

*Will — when a power of sale is confined to real estate used in the testator's business.*

The 5th paragraph of the will of a testator provided: " I give, devise and
bequeath to my executors hereinafter named all my real property and all the
rest, residue and remainder of my personal property of which I may die
seized in trust nevertheless for the following purposes: To continue the pawn-
broking business now carried on by me at number 214 and 216 Atlantic Avenue
in the said Borough of Brooklyn, under the business style of Arthur J.
Heaney & Co., until my son Arthur J. Heaney shall arrive at the age of
twenty-five years, unless they, my said executors, should all agree that a sale
of my said business before that time would be of benefit to my estate, then
they shall have power to sell the same."
The 7th paragraph provided that, upon the termination of the trust estate, all
of the testator's real property should be distributed among his children. The
only provision of the will relating to the sale of any of the testator's property
was that contained in the 5th paragraph.
*Held,* that the power of sale conferred on the executors and trustees was confined
to the testator's pawnbroking business, and that the executors had no power to
sell a parcel of the testator's real estate which was not used in connection with
such business.

SUBMISSION of a controversy upon an agreed statement of facts,
pursuant to section 1279 of the Code of Civil Procedure.

*Luke O'Reilly,* for the plaintiffs.

*Henry P. Burr,* for the defendant.

WOODWARD, J.:

The plaintiffs and defendant, on the 3d day of October, 1902,
entered into a contract in writing by which the plaintiffs agreed to sell
and convey to the defendant the premises at 170 Amity street, Brook-
lyn, for the sum of $7,000, the defendant paying the plaintiffs the sum
of $500 on account of said purchase. On the 20th day of October,
1902, on the plaintiffs tendering a deed under the contract, the
defendant refused to accept the same on the ground that the plain-
tiffs did not have power under the will of their testator, Arthur J.
Heaney, to convey the premises in question.

We think there is no reasonable doubt that the defendant is justified in his position. The will of Arthur J. Heaney provides, in its 5th paragraph: "I give, devise and bequeath to my executors hereinafter named all my real property and all the rest, residue and remainder of my personal property of which I may die seized in trust nevertheless for the following purposes: to continue the pawnbroking business now carried on by me at number 214 and 216 Atlantic Avenue in the said Borough of Brooklyn, under the business style of Arthur J. Heaney & Co., until my son Arthur J. Heaney shall arrive at the age of twenty-five years, unless they, my said executors, should all agree that a sale of my said business before that time would be of benefit to my estate, then they shall have power to sell the same." The 6th paragraph of the will provides for the collection of rents, profits and income, and for its disposition, and there is no other provision in reference to the sale of any of his property to be found in the will. The 7th paragraph provides that the trust estate shall terminate upon his son reaching the age of twenty-five years, and that all of his real property shall be distributed among his children. It also provides for the disposition of the personal property. The real estate in question is not used in the pawnbroking business, and we find no suggestion in the will of any intention on the part of the testator to give his executors a general power of disposing of his real estate. The power of sale relates to "my said business," and the only business mentioned was that of a pawnbroker doing business on Atlantic avenue, while the real estate here involved is located on Amity street. There does not seem to be any ground whatever for the claim of the plaintiffs that they are authorized to sell this real estate; no condition of affairs is suggested in the will which would make the sale desirable, and the scheme of the will may be fully carried out by confining the power of sale to the business mentioned, and leaving the real estate to be disposed of according to its terms at the close of the trust period.

The defendant should have judgment for $500 and the costs of this action.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment for the defendant for $500, with costs, on submission of controversy.