---

(59 Misc. Rep. 136.)

## In re O'REILLY.

(Surrogate's Court, Kings County. April, 1908.)

1. PERPETUITIES—ACCUMULATIONS—INCOME OF TRUST FUND.

Testator gave the remainder of his estate to executors in trust to
continue his business until his son reached the age of 25 years, and pro-
vided that the profits should be paid to his children as directed, but that
his son's share of the income should be invested for the son's benefit until
he arrived at 25 years, when the trust should terminate and the property
should be divided between the son and two daughters or their heirs in
a manner directed by the will. *Held*, that the provision for the accumula-
tion of the son's income during his minority was valid, but when he at-
tained his majority he was entitled to the accumulations of the income
up to that time and his future income during the continuance of the
trust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities,
§§ 69, 70.]

2. WILLS—CONSTRUCTION—TRUSTS.

Testator created a trust, the income of his minor son to accumulate
until the son arrived at the age of 25 years, and provided that the in-
come of his two daughters' share in the trust should be paid to them.
On the death of one of the daughters before the death of the father,
by a codicil he provided for a division of the property between his son
and his sole surviving daughter. The latter died before the son attained
his majority. *Held*, that the accrued income of her share at the time of
her death was payable to her personal representatives, and the subse-
quent income which accumulated from her death until the son attained
his majority was payable to him at that time and the future income there-
after during the continuance of the trust.

3. SAME.

Testator devised his estate for the purpose of carrying on his business
and directed the application of the income to his son and daughter sur-
viving him. *Held*, that no part of the income of the estate should be
applied to the continuance of the business.

4. EXECUTORS AND ADMINISTRATORS—POWER TO SELL REALTY.

Where testator devised all his estate in trust for the purpose of con-
tinuing his business, it converted all the real and personal property not

already invested in the business so as to be available as business capital at the discretion of the trustees, and a power to sell the real estate was therefore necessarily implied.

In the matter of the estate of Arthur J. Heaney, deceased. Judicial settlement of Frank E. O'Reilly, executor and trustee. Decree rendered.

Luke O'Reilly and Charles H. Kelby, for executor and trustee.
Walter Jeffreys Carlin, for contestant.

KETCHAM, S.   The portions of the will requiring construction are as follows:

"Fifth. I give, devise and bequeath to my executors hereinafter named all my real property and all the rest, residue and remainder of my personal property of which I may die seized, in trust nevertheless for the following purposes: to continue the pawnbroking business now carried on by me at numbers 214 and 216 Atlantic avenue in the said borough of Brooklyn under the business style of Arthur J. Heaney & Co., until my son Arthur J. Heaney shall arrive at the age of twenty-five years, unless they my said executors should all agree that a sale of my said business before that time would be of benefit to my said estate, then they shall have power to sell the same.

"Sixth. That the rents, profits and income arising from my said estate, less all expenses, taxes and yearly charges against my said estate, shall, until my said son Arthur J. Heaney arrives at the age of twenty-five years, be paid by my said executors to my children as follows: One half of the same to my son Arthur J. Heaney, one quarter of the same to my daughter Mary Josephine Heaney and one quarter of the same to my daughter Catherine Agnes Heaney provided, however, that all of the income coming to my said son Arthur J. Heaney under the provisions of this will shall be invested by my said executors for the benefit of my said son in good bond and mortgage until my said son shall arrive at the age of twenty-five years, less such sums as may be necessary for the proper support, education and maintenance of my said son until he shall arrive at the age of twenty-five years.

"Seventh. That when my said son Arthur J. Heaney shall arrive at the age of twenty-five years the trust estate herein created shall cease and determine and all property then existing belonging to my said estate shall go to my said children Arthur J. Heaney, Mary Josephine Heaney and Catherine Agnes Heaney, or to their legal heirs, as follows: All of my real property to them, share and share alike, one half of the personal estate to my said son Arthur J. Heaney, one quarter of same to my daughter Mary Josephine Heaney and one quarter of same to my daughter Catherine Agnes Heaney."

The Catherine Agnes Heaney named in the will having died, a codicil was made by which the testator directed that the share of the income, rents, and profits which in the said will he had directed to be paid to Catherine Agnes Heaney should be paid to his daughter Mary Josephine Heaney, in addition to the bequests made to her in the will, and that when the trust estate created by the will should cease and determine all the property then existing belonging to the said estate should be divided between Arthur J. Heaney and Mary Josephine Heaney. The testator died on December 13, 1901. Mary J. Heaney died on August 27, 1904. Arthur J. Heaney reached the age of 21 years on June 15, 1906. It is assumed from a statement in one of the briefs that, at the testator's death, Mary J. Heaney was adult; but express proof in this regard should be supplied.

There is a devise in trust until Arthur J. Heaney shall attain the age of 25 years or shall sooner die. Sawyer v. Cubby, 146 N. Y. 192,

112 N.Y.S.—14

197, 40 N. E. 869. The direction that the income applicable to Arthur J. Heaney shall be accumulated is valid for the minority of the beneficiary and is void as to the time beyond such minority. Real Prop. Law, Laws 1896, p. 568, c. 547, § 51. Under this construction the profits heretofore accrued for the benefit of the said Arthur J. Heaney, with any securities in which the same have been invested, are payable at once to. the said Arthur J. Heaney. The income applicable to Arthur J..Heaney which shall hereafter accrue is payable to him annually. The income applicable. to the daughter Mary which accrued during her life is payable to her legal representatives. During the period from her death to the end of the trust the income which would have been payable to her, had she lived, becomes payable to Arthur J. Heaney annually. This results, not from the theory advanced in behalf of Arthur that as to this income the testator died intestate, but from the provision of the .statute:

"When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." Real Prop. Law, Laws 1896, p. 568, c. 547, § 53.

Income upon the share allotted to Mary J. Heaney, which has accrued between her death and the present time, is payable to Arthur at once.

Another question presented is whether or not, in the devise of the residue, for the purpose of continuing the pawnbroking business carried on by the testator at his death, is involved a direction that the income of the property not invested in the business shall ·be applied to its continuance. In this behalf, it is claimed, on the part of Arthur J. Heaney, that the use of any of the income in the business would be an unlawful accumulation; while it is insisted in behalf. of the trustee that the testator intended "his executors to apply and invest in the business the income of all of his property whether theretofore invested in the business or not."

In O'Reilly v. Platt, 80 App. Div. 348, 80 N. Y. Supp. 829, this will was examined, in a case where the trustees sought to require the specific performance of a contract made by them for the sale of real estate, and it was held that there is—

"no suggestion in the will of any intention on the part of the testator to give his executors a general power of disposing of his real estate. The power of sale relates to 'my said business.' * * * No condition of affairs is suggested in the will which would make the sale desirable, and the scheme of .the will may be fully carried out by confining the power of sale to the business mentioned, and leaving the real estate to be disposed of according to its terms at the close of the ·trust period."

There is no adjudication contained in the case cited which controls the present question as to whether or not there was in the ·devise in trust a direction that the rents, issues, and profits of the estate should be· applied to the maintenance of the business. There was no expression in the· opinion of the Appellate Division upon the subject, the question in that court being confined to the principal of the estate,

and its judgment was limited to the single proposition that upon the facts submitted by agreement the defendant in that case was not required to take title under the power of sale.

The fifth paragraph contains a devise of the real property and the rest, residue, and remainder of the personal property, without mention of the income thereof; while the sixth paragraph contains an express disposition of the rents, issues, and profits arising from the whole estate. This contrast would indicate that the only subject of the devise contained in the fifth paragraph was the principal of the residue, and the express disposition of the income, in the sixth paragraph, would not have full sway and significance if the same income were construed to have already been devoted to the business by the devise in the fifth paragraph. This suggestion is confirmed if it be true that, as to the income of the one-half of the general estate applicable to the daughters of the testator, a direction for its employment in the business would be an unlawful accumulation, not for the benefit of an infant during minority. That such direction for the benefit of the adult daughters would, if attempted, have been void, is well settled. Thorn v. De Breteuil, 179 N. Y. 64, 71 N. E. 470, and especially s. c., 86 App. Div. 405, 83 N. Y. Supp. 849.

The construction which would impress upon the will a lawful, and not an unlawful, intent, requires the conclusion, as to the income of one-half of this estate, that its use in the business was not contemplated. If, then, the testator, as to the income of one-half of the residue cannot lawfully be regarded as intending its application to the business, it cannot be derivable from his will, in the absence of an express direction that the income of the other one-half of the estate in which the minor, Arthur, was interested was intended to be used in the business. From these considerations it results that there was no devise in trust of any of the income of the estate for the uses of the business.

The settlement of the account is said to require the disposition of the question whether or not it was within the duties of the trustee to sell any portion of the residue, real or personal, for the purpose of continuing the business. The devise in trust of all of the estate for the purpose of continuing the business necessarily involved such use, conversion, and application of the real and personal property, not already invested in the business, as would be necessary to make it available as business capital; but such application of the general estate was to be made only in the event that the executors should all agree that a sale of the said business was not beneficial to the estate, and that the use of capital, not found in the business at the time of the death, was necessary. If, in the exercise of the trust, there were no power to convert or apply the general estate to the uses of the business, by sale or other disposition, the devise would become absolutely nugatory as to the business, inasmuch as there would remain no means whatever by which in any conceivable event the residue could be applied to the continuance of the business.

It cannot be denied that the expression of the opinion in O'Reilly v. Platt, supra, is that the will contained no general power of disposing of the real estate, that the power of sale related to the business only, and that the scheme of the will may be fully carried out by leaving the

real estate to be disposed of according to the terms of the will at the close of the trust period; but it is not regarded that the present question is within the bar of the adjudication cited. The judgment therein reached was solely that under the power of sale the contract for the conveyance of a certain piece of property was not enforceable, and it is impossible to derive from the judgment itself any declaration that the real estate could not be disposed of under the trust for the purposes of the business. There was not submitted to the Appellate Division the question whether or not, as a part of the trust, real or personal property was intended to be disposed of by sale or otherwise, if its proceeds were necessary, in the judgment of the executors, for the continuance of the business and the executors had determined in their wisdom to continue the same.

The former decree of the surrogate settling the accounts of the trustee, though it approved of an account in which the trustee reported the devotion of all the testator's property to the business and the investment in such business of the unexpended accumulation of income, cannot be a bar to the consideration of the construction of the will so far as it must necessarily bear upon the disposition of the assets presented by the present account. Though the former accounting may be regarded as conclusive upon the past transactions and payments covered in such accounting, it forms no bar to the proper decision of the question now presented as to the disposition of the property now in the hands of the trustee. Bowditch v. Ayrault, 138 N. Y. 222, 231, 33 N. E. 1067. See, upon the same point, Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126; Matter of Hunt, 41 Misc Rep. 72, 74, 83 N. Y. Supp. 652; Frethey v. Durant, 24 App. Div. 58, 48 N. Y. Supp. 839.

The accounting should proceed in accordance with these views.

Decreed accordingly.