In the Matter· of the Accounting of ROBERT L. BEECK-
MAN et al., as Trustees under the Will of SAMUEL
THOMAS, Deceased, Respondents.

JOSEPH H. DODSHON, Appellant; ROBERT F. WAGNER,
as Special Guardian, et al., Respondents.

(Argued June 6, 1930; decided July 8, 1930.)

*Robert G. Starr, William W. Blatchford, Jr.,* and *Henry
Wollman* for appellant. A trust of personal property
created under a will or instrument that directs that upon

the death of the life beneficiary the principal of the trust fund should be divided into parts and paid over by the trustees, remains in full force until the final distribution is made by the trustees. (Perry on Trusts, § 311; *Yates* v. *Thomas*, 35 Misc. Rep. 552; *Farmers Loan & Trust Co.* v. *Pendleton*, 115 App. Div. 506; *Deering* v. *Pierce*, 149 App. Div. 10; *Husted* v. *Thomson*, 158 N. Y. 328; *Bank of New York & Trust Co.* v. *Hamersley*, 210 App. Div. 57; *Matter of Laing*, 59 App. Div. 612; *Matter of Frech*, 220 App. Div. 126; *Matter of Meehan*, 104 Misc. Rep. 219; *Matter of Vernon*, 77 Misc. Rep. 425; *Matter of McCormack*, 46 Misc. Rep. 386.) Appellant is entitled to receive commissions, as substituted trustee for receiving and paying out the principal and the income of the trust. (*Matter of Silliman*, 67 Misc. Rep. 27; *Matter of Baldwin*, 209 N. Y. 601; *Matter of Naylor's Estate*, 164 N. Y. Supp. 462; *Matter of Affleck*, 163 App. Div. 876; 1 Heaton on Surrogates' Courts [4th ed.], 657.)

*John McKim Minton, Jr.*, and *George F. Mara* for Robert L. Beeckman, respondent. Appellant was not entitled to any commissions upon either the principal or income of the trust as upon the death of the life beneficiary this trust terminated and appellant was never a trustee. (*Matter of Ziegler*, 168 App. Div. 735; *Weeks* v. *Cornwell*, 104 N. Y. 325; *Robinson* v. *Martin*, 200 N. Y. 159; *Matter of Zerega*, 81 Misc. Rep. 113; Real Property Law, § 109; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Cussack* v. *Tweedy*, 126 N. Y. 81; *Embury* v. *Sheldon*, 68 N. Y. 227; *Matter of Finck*, 103 Misc. Rep. 526; *Matter of Baldwin*, 120 Misc. Rep. 226; *Matter of Van Kleeck*, 95 Misc. Rep. 40; 177 App. Div. 917.)

*Simon H. Rifkind* and *Robert F. Wagner* for special guardian, respondent. The will did not confer upon surviving trustees the power to appoint a successor trustee for a trust the term of which had expired. (*Matter of*

*Frech*, 220 App. Div. 126; 246 N. Y. 552; *Matter of Finck*; 103 Misc. Rep. 526; *Matter of Post*, 30 Misc. Rep. 551, *Bayer* v. *Decker*, 5 App. Div. 623; *Matter of Foster's Estate*, 135 Misc. Rep. 423; *Matter of Zerega*, 81 Misc. Rep. 113; *Husted* v. *Thomson*, 158 N. Y. 328; *Matter of Laing*, 59 App. Div. 612; 170 N. Y. 621; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Bank of New York & Trust Co.* v. *Hamersley*, 121 Misc. Rep. 730; 210 App. Div. 57; 240 N. Y. 558.) Had the surviving trustees attempted to appoint appellant trustee of the expired trust, their act would have been invalid and ineffectual. (*Matter of Zerega*, 81 Misc. Rep. 113; 160 App. Div. 878; *Olmstead* v. *Dodd*, 144 App. Div. 809; *Spallholz* v. *Sheldon*, 216 N. Y. 205; *Bush* v. *Halsted*, 121 App. Div. 538; *De Voe* v. *Lutz*, 133 App. Div. 356; *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Matter of Bernuth's Estate*, 127 Misc. Rep. 705.)

*John F. Couts* for Elisabeth R. Thomas, individually and as trustee, respondent. Upon the death of the life beneficiary the trust terminated; and after his death the time had passed when the trustees of this trust could perform acts of discretionary nature, such as appointing appellant a trustee of this trust. (*Farmers Loan & Trust Co.* v. *Pendleton*, 115 App. Div. 506; *Matter of Van Kleeck*, 158 N. Y. Supp. 539; *Matter of United States Trust Co.*, 138 N. Y. Supp. 150; *Losey* v. *Stanley*, 147 N. Y. 560; *Matter of Finck's Estate*, 170 N. Y. Supp. 510; *Matter of Baldwin's Estate*, 198 N. Y. Supp. 86; *Matter of Easterly*, 202 N. Y. 466; *Phœnix* v. *Livingston*, 101 N. Y. 451; *Matter of Marshall*, 80 Misc. Rep. 1; *Frech* v. *Frech*, 220 App. Div. 126; 246 N. Y. 552; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Matter of Kittinger's Estate*, 77 Atl. Rep. 24.)

LEHMAN, J. Samuel Thomas, by his last will and testament, created trusts of varying duration in parts of his estate and appointed four trustees. In imperative terms

he directed that vacancies in the number of trustees caused by death, resignation or failure to qualify of any trustee must be filled by the remaining trustees, " by selecting or naming by an instrument in writing another Executor or trustee to fill such vacancy." Edward R. Thomas, a son of the testator, served as an executor and trustee under the will during his life. The remaining trustees, in compliance with the provisions of the will, selected and named Joseph H. Dodshon to fill the vacancy caused by the death of Edward R. Thomas. No choice was left open to the remaining trustees whether to fill the vacancy or not. If they failed to act, then the will expressly directed that application for the appointment of a trustee to fill the vacancy must be made to the court, and the trustee appointed was endowed by the will " with all the powers and authority of any of said Executors and Trustees named herein and appointed hereunder, including the power to appoint another executor and trustee to fill a vacancy."

Joseph H. Dodshon qualified as trustee, and thereafter performed the same duties as the other trustees. He shared in the administration of the trust funds set apart under the will. One of these funds had been created for the benefit of Edward R. Thomas as life beneficiary. At his death the trustees were directed " to divide and set apart such share so held for my said son into as many equal parts or shares as my said son shall leave a child or children and issue of a deceased child him surviving and to pay over one of such parts or shares to each of such children and to the issue of any deceased child." After the death of Edward R. Thomas and the appointment of Dodshon as his successor as trustee, the trustees have carried out this direction, reserving only a sum sufficient in their opinion to pay possible charges against the fund. In this division and payment Dodshon took an active part, and he joined with the trustees in accounting for this fund. Upon that accounting his right to any com-

missions upon the fund set apart for Edward R. Thomas was challenged on the ground that this trust terminated at the death of the life tenant and that the subsequent appointment of Dodshon as substituted trustee under the will of Samuel Thomas included only those trusts which had not terminated. The surrogate overruled that contention and allowed commissions to Dodshon for services performed in paying out the Edward R. Thomas trust fund, as well as for his services as trustee of the other trust funds. Upon appeal, the Appellate Division held that he was entitled to no commissions upon the Edward R. Thomas trust fund.

No question has been raised as to the amount of the commissions allowed if Dodshon is entitled to any commissions as trustee of the Edward R. Thomas fund, and upon this appeal we consider only Dodshon's right to commissions, not their amount. In the courts below there has been a division of opinion as to whether on the death of Edward R. Thomas, title to the personal property held in trust for his life vested in those who were entitled to share in the division of the fund. That question is not decisive of the right of Dodshon to share in the commissions. Regardless of whether or not title to the trust fund remained in the trustees after the death of the life beneficiary, the fund itself was still in their possession as trustees, and they were still required to exercise their power and perform their duty as trustees to divide the trust fund and to pay it over to those entitled thereto, before the administration of their trust was complete. We are not now concerned with technical questions of trusts in personal property. We are concerned only with the question whether under the terms of the will a trustee appointed upon the death of Edward R. Thomas was intended to share the powers and duties of his fellow trustees in the division and payment over of the trust fund created for the life of the deceased trustee. If he shared in the powers and duties of the other trustees, he

was entitled to commissions allowed by law for the performance of his duties.

The language of the will seems to us entirely clear upon the point. The testator provided that at all times there must be four executors and trustees to share in the administration of the estate. Others might think that at times a lesser number might be sufficient; the testator directed otherwise. Neither the remaining trustees nor the court might exercise any discretion as to the number of trustees or as to their powers. As long as executors or trustees had not completed their duties and retained any powers under the will, vacancies in the number of trustees must be filled. No implication can be found in the language of the will that there might be an appointment limited to particular portions of the estate or that no appointment need be made where exact compliance with the directions of the will would subject the estate to unnecessary expense. The testator chose to command that the duties and responsibilities of trustees must at all times be shared by four. So long as any trust duties remained unperformed, a vacancy in the number of trustees must be filled. No limitations upon the command are implied in the language of the will, and none may be imposed by the court in order to save the estate from the expense inevitably resulting from the command.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CRANE, J., not voting.

Ordered accordingly.