In the Matter of Thomas A. Duffey, Jr., an Infant.

Surrogate's Court, Kings County, April 9, 1936.

*J. Franklin Tausch,* for the petitioner Florence A. Duffey.

*Mitchell, Taylor, Capron & Marsh,* for the City Bank Farmers Trust Company, executor of Thomas A. Duffey, deceased.

WINGATE, S. The situation disclosed by the present application is quite extraordinary. Thomas A. Duffey died on October 22, 1930, and letters testamentary were issued to the present respondent on the twelfth of the following month. As a result of a construction of the will made by this court (144 Misc. 140) and affirmed by the Appellate Division (238 App. Div. 863), it was determined that all property of the decedent was distributable as in intestacy, one-third to the widow, and two-thirds to an infant son for whom the widow was appointed guardian.

The executor duly filed its account on April 21, 1932, and in Schedule G thereof disclosed the continued retention of a considerable number of stocks and bonds, some of which had value and others had been appraised in the transfer tax proceeding and were carried as worthless.

On October 31, 1932, a decree of settlement of the accounts of the executor was entered, which, as resettled on June 19, 1933, directed the executor to pay to the widow her distributive share in the estate as disclosed by the account, amounting to $69,294.19, by conveying to her certain real property described in Schedule G of the account, and " (b) by conveying, assigning, transferring and delivering to said Florence A. Duffey cash, stocks and bonds and mortgages on real property in kind in the executor's hands described in and at the values set forth in Schedule G of said final account, equal to the difference between the above value of said real property and the said distributive share to which she is entitled herein, in lieu of the money value thereof."

The decree then continued: " That said executor do then pay the sum of $138,588.37 out of the balance then remaining in the hands of said executor, the distributive share to which Thomas A. Duffey, Jr., infant son of Thomas G. Duffey, Deceased, is entitled on this accounting.

" (a) by paying, conveying, assigning, transferring and delivering unto Florence A. Duffey, Testamentary Guardian of the Person and Estate of Thomas A. Duffey, Jr., an infant, upon said Guardian filing a bond in sufficient security, the remainder of the cash, stocks and bonds and mortgages on real property in kind in the Executor's hands described in and at the value set forth in Schedule G of said final account, in lieu of the money value thereof, and it is further

" Ordered, adjudged and decreed, that upon making the payments above directed to be made, and in compliance with all matters in this decree mentioned, the said Executor, * * *, be and it hereby is discharged as such Executor of and from all liability herein as to matters embraced in said final account and determined by this decree."

It may be noted in passing that the requisite bond to be given by the guardian was fixed by the court and duly posted.

The present application discloses that in spite of the positive directions of this decree, the executor has failed to obey its terms to convey, assign, transfer and deliver the securities specified in Schedule G, in consequence of alleged advice of its counsel that by complying with the direct mandate of the court it might possibly make itself liable for certain nebulously defined taxes.

It has been further demonstrated that the widow and guardian has not taken the usual steps to compel the performance of the directions of the decree. Whether this non-action was the result of awe at the power and might of a great financial institution, or was the result of duress of goods or of voluntary agreement, has not been made to appear and is presently immaterial.

That some understanding was reached between the parties is indicated both by the petition and answer which, however, disagree in respect thereto. The petitioner maintains that this alleged agreement contemplated merely a retention as custodian whereas the former executor contends that it was to continue to hold the securities in question in its capacity as testamentary fiduciary.

In view of the terms of the decree, the latter position is legally untenable. It is a familiar fact that during recent years necessity has compelled an extension of the fiduciary relationship where assets of the estate were incapable of immediate liquidation and the distributees were unwilling to accept in kind and provisions to such effect have on occasion been inserted in accounting decrees. Such was not, however, the situation here existing. Complete and final distribution was made of all assets in the estate and the act of the fiduciary in defying the positive direction of the court in this regard could not alter this fact. The particular securities enumerated in Schedule G became the property of the persons to whom the executor was directed to deliver them and the disobedience of the decretal directions might have been and possibly still are capable of enforcement by summary process.

It follows that the present application for a further direction to the executor to do acts which were necessarily included in the former decretal direction is improper. (*Deraismes* v. *Deraismes*, 72 N. Y. 154, 158; *Matter of Surpless*, 143 Misc. 48, 60.)

If the petitioner either individually or in her representative capacity is unable to enforce the terms of the former decree herein, it can only be by reason of some *inter vivos* arrangement between her and the respondent as a person distinct from its former fiduciary capacity and over such an arrangement this court has no jurisdiction. (*Matter of Miller*, 257 N. Y. 349, 356, 357; *Matter of McCafferty*, 147 Misc. 179, 185; *Matter of Rosenblum*, 146 id. 537, 539.)

The position of the respondent that a decree on accounting does not discharge the fiduciary as to assets not embraced in the account, while unquestionably true, wholly begs the question at issue. Here the assets involved were included in the account and direct and unequivocal disposition thereof was made by the decree. The moneys received thereon as dividends were merely accretions to these assets.

The remedy for the widow individually is either by enforcement of the former decree unless she has created an estoppel against herself by some *inter vivos* agreement, or, if such a situation has come into being, by direct action under the terms of that agreement in a court of general jurisdiction. So far as concerns her rights as guardian, it would appear doubtful whether she could be held to have possessed the authority to enter into such an agreement as the respondent alleges she made, or that it, with its full knowledge of the limitations upon her authority, would be heard to allege an attempt on her part to make it. This, however, is not a question necessary of present determination.

The present application is accordingly denied, without costs.

Enter decree on notice.