In the Matter of the Estate of BERNHARD BARUCH, Deceased.

Surrogate's Court, Kings County, April 24, 1941.

Levy, Gutman & Goldberg [William Gold of counsel], for Sarah Baruch Blatt and others, legatees, for the motion.

S. F. & J. F. Katz, for William Baruch, Solomon Baruch and Edward Baruch, as executors, etc., of Bernhard Baruch, deceased, opposed.

WINGATE, S. Bernhard Baruch died in 1910, leaving a sizeable estate which was preponderantly erected into a trust for the benefit of his widow, with remainders to his nine children. The widow died in 1920, but instead of making distribution, the fiduciaries continued in control of the property.

After numerous ineffective efforts to secure an adjustment through negotiation, a proceeding for a compulsory judicial settlement was instituted by one of the remaindermen in 1935. Shortly thereafter, the petitioner died and the proceeding remained dormant until the latter part of 1937, when it was revived in the form of a proceeding to revoke the letters of the fiduciaries and to restrain their further action in that capacity. This led to further negotiations for an amicable adjustment which culminated in an agreement, dated April 6, 1940, executed by all interested parties.

The effect of this agreement is stated in the present petition to have been to provide " for discharge of the executors and trustees and distribution of the assets of the estate amongst the heirs." A persual of the document fully substantiates this description. It provides that the fiduciaries are to transfer all of the assets of the estate to a corporation to be formed, the capital stock of which is to be issued equally to the remaindermen or their representatives. It then makes certain provisions respecting the personnel of the officers and directors of the corporation including the permanent election of Sarah Blatt as treasurer and for details of internal management and conduct. It thereupon stipulates that " the parties hereto do hereby waive judicial settlement and accounting of the Estate of Bernhard Baruch, deceased and agree to accept the shares of stock of the corporation to be formed in lieu and instead thereof in full for their respective interest and share in said estate," which is followed by two extended provisions of release and discharge by each party of the fiduciaries as such and each other.

It is asserted in the present petition that the contemplated corporation has been organized and that the terms of the agreement have been carried out except that the arrangements in respect of the permanent election of Mrs. Blatt as treasurer are unsatisfactory to the petitioner.

The relief sought is that certain named persons, " as some of the heirs or representatives of the heirs of the decedent herein as

directors of " the corporation, be directed to provide in the by-laws of the corporation for the permanent incumbency of the office of treasurer by Sarah Blatt and that one of the former fiduciaries be required to account " for the receipts and disbursements of the estate since April 1936."

The petitioner has mistaken his forum. Unless impeached for fraud or other inequitable conduct warranting its vacatur, a settlement of an estate by release is as effectual for all purposes as one pursuant to judicial decree. This subject was so fully and recently canvassed in this court in *Matter of Solomon* (175 Misc. 264) that further present discussion of the subject would be a labor of supererogation lacking any conceivable utility.

By the document executed in April, 1940, the affairs of the estate were wholly closed, the fiduciaries were completely discharged and the estate as a quasi-entity ceased to exist. In lieu of the rights which the remaindermen previously possessed either against the property of the estate or *in personam* in respect of the fiduciaries as such, there were substituted certain rights arising by reason of the *inter vivos* agreement. In view, however, of the termination of the estate relationship, these rights may not be interpreted or enforced in the Surrogate's Court. (*Matter of Miller*, 257 N. Y. 349, 356; *Matter of Veniero*, 165 Misc. 293, 294.)

The case here presented is much stronger than that adjudicated in *Matter of Miller* (*supra*), in which the continued action of the testamentary trustees after the termination of the trust was made the subject of agreement by the parties and directed by the Supreme Court, despite which facts it was held that cognizance of and jurisdiction over their subsequent acts by the Surrogate's Court were foreclosed.

Here the parties expressly terminated the incumbency of the fiduciaries, discharged them from further accountability in that capacity and closed the estate. It follows that any further action by them either individually or in respect of the property which had previously belonged to the estate, did not " constitute ' matters relating to the affairs of a decedent ' " (*Matter of Lyon*, 266 N. Y. 219, 223), wherefore their obligations and the corresponding rights of all others are measured only by the terms of the *inter vivos* agreement, the stipulations of which are enforcible only in the Supreme Court. (*Matter of Thomas*, 235 App. Div. 450, 454; *Matter of Hammer*, 237 id. 497, 502; affd., 261 N. Y. 677; *Matter of Miller*, *supra*, 356; *Matter of Duffey*, 158 Misc. 951, 954.)

The application will, accordingly, be denied, with costs.

Enter decree on notice in conformity herewith.