In the Matter of the Accounting of FRANK GULDEN et al., as Surviving Trustees under the Will of CHARLES GULDEN, Deceased.

Surrogate's Court, New York County, October 1, 1946.

*Bauerdorf & Taylor* for petitioners.

*William L. Hanaway & Rosemary Edelman* for Alfred M. Snedeker and another, as executors of Emma G. Snedeker, deceased, and others, respondents.

*Lawrence R. Condon* and *Charles P. Connell* for Irving Trust Company as executor and trustee under the will of Frank Hall, deceased, assignee of Charles V. Snedeker and others, respondents.

*Henry B. Lamm* for Florence G. Mullins and another, respondents.

*Murray H. Klinger,* special guardian of Gerald P. Mullins and others, infants, respondents.

DELEHANTY, S. The trustees here accounting report their transactions since July 1, 1935, in several trusts created under the will of deceased. Subject to an objection hereafter discussed which relates to the Harriet Gulden Hall trust, it is conceded that the corpus of each trust has a capital value in excess of $100,000. The trustees rendered annual accounts to the beneficiaries and annually retained three full income commissions.

An income beneficiary now takes the position that only a single income commission was allowable to the trustees collectively. In support of this position emphasis is placed on the 1935 text of subdivision 7 of section 285 of the Surrogate's Court Act which says: " If * * * a trustee * * * is

required to receive income and pay over the same, and such * * * trustee * * * pays over said income and renders an annual account to the beneficiary * * * he shall be allowed, and may retain, the same commission on the amount of income so accounted for as he would be allowed upon principal on a judicial settlement * * *." Objectant says that the trustees cannot have principal commissions on the real estate which constitutes the chief principal asset of each trust, citing *Matter of Miller* (257 N. Y. 349). The argument of objectant continues to the effect that since principal commissions on the real estate are not allowable the right to income commissions cannot be validated by treating the value of the real estate as a basis for multiple commissions. There is a comparatively small amount of personalty in each trust and objectant says that commissions are payable only upon the income produced by that personalty.

The position of objectant is without substance. The subdivision of section 285 to which reference has been made prescribed only the *rate* of commissions. Subdivision 8 prescribed the *rule* for multiple commissions. There it was said that if the principal equals or exceeds $100,000 multiple commissions are allowable (*Matter of Hunt*, 41 Misc. 72; *Matter of Juilliard*, 171 Misc. 661, affd. 259 App. Div. 828; *Matter of Sears*, 176 Misc. 242, 246–247). On the authorities cited, Mullins' objection No. 1 is overruled.

Objection is interposed to the commissions taken and compensation claimed for handling so much of the accounted-for property as once constituted the capital of the trust for Harriet Gulden Hall. The court has already dealt with the status of the trustees in respect of this property (*Matter of Gulden*, 186 Misc. 1059). The agreement of the parties to permit the trustees to retain and to manage the Hall fund conferred no new jurisdiction on this court (*Matter of Miller, supra; Matter of Baruch*, 176 Misc. 344; *Matter of Schroder*, 176 Misc. 1024, 1028). Under the cited cases the court must relegate the parties to a court of general jurisdiction to determine the rights of the trustees to compensation for their services in respect of the realty formerly in this trust. It may well be that the agreement will be held to have authorized the trustees in respect of this property to pay themselves for their services on a contractual basis measured by the terms of section 285 of the Surrogate's Court Act but that is a question for some other court to settle. The ruling here is limited to the real property

interests which constituted the greater part of the fund for Harriet Gulden Hall. There is basis for allowing commissions upon the personalty in that trust (*Matter of Miller, supra; Matter of Thomas,* 254 N. Y. 292). On the authorities cited, Mullins' objections Nos. 5c, 5d, 5f, 5h, 5i, 6a and 6c are sustained except as to commissions on the personalty in the Harriet Gulden Hall fund which will be allowed. Objections 5a, 5b, 5e, and 5g call for no ruling here. The parties are remitted to a court of general jurisdiction.

(Other issues discussed by the Surrogate are of interest to the parties only and are omitted.)

A decree may be submitted on notice construing the will and settling the account in conformity with this and the prior decision of the court.