Joseph A. Cox, S.
The Sixth article of this decedent’s will created a trust of a portion of her residuary estate with $25,-000 of the trust remainder payable to a church and the balance of the remainder payable to a granddaughter of the testatrix. This trust terminated on June 13, 1955 upon the death of the survivor of the income beneficiaries. On June 15,1955 the trustee wrote to .the granddaughter of the testatrix respecting the need to liquidate securities for the purpose of procuring the sum of $25,000, which was payable to the church, and in that letter the trustee listed the securities then in the trust, including 2,100 shares of New Jersey Zinc Company. The remainderman replied by letter of June 22, 1955 in which she accepted the recommendation of the trustee that certain securities be sold to obtain the necessary cash amount. This letter also contained the following statement: “ For the present I prefer to *71 retain all of the remaining securities for distribution in kind ’ \ In July, 1955 the remainderman wrote to the trustee and made inquiry as to the earnings on the New Jersey Zinc shares and a reply was made by letter dated August 2, 1955 in which the requested information was provided. It appears that during the year 1955 the remainderman made inquiries as to a final settlement of the trust and the trustee stated that its accounting was being held up by reason of delay in the appointment of a representative of the estate of the deceased income beneficiary. On April 23, 1956 by letter of that date, the trustee asked the remainderman if she wished to take any action to dispose of the New Jersey Zinc shares then held by the trustee. Thereafter some discussions were had with an attorney representing the remainderman and on May 15, 1956 the trustee wrote the remainderman suggesting a sale of the New Jersey Zinc shares and outlining a program of reinvestment. The remainderman acknowledged receipt of this letter but made no definitive comment respecting the suggested program of sale and reinvestment.
The account of the trustee was filed for judicial settlement in March, 1959 and it states that, based upon initial inventory value and market valuations as of March 1, 1958, the 1,850 shares of New Jersey Zinc then on hand had decreased in value to the extent of $67,756.25. The remainderman has filed objections to the account and asserts that from the date of the trust’s termination the stock suffered a decrease in value of $31,717 for which the trustee' should be surcharged.
While the trust terminated in June, 1955 upon the death of the survivor of the two income beneficiaries, the duties of the trustee did not then terminate but continued until division and distribution of the income and corpus (Matter of Miller, 257 N. Y. 349, 355; Matter of Thomas, 254 N. Y. 292). So long as the trustee retained its post it was under a duty to administer the fund and to maintain a proper investment policy. The record in this case raises doubt that the trustee fully appreciated its responsibilities in this regard and there is indication that the trustee felt the responsibility to be that of the remainderman. Nevertheless the fact is that the trustee obtained a direction from the remainderman to retain investments for distribution in kind and thereafter no contrary direction was given, even though the trustee made inquiries of the remainderman as to her desire to dispose of the securities. Under these circumstances a basis for surcharge does not exist and the objection to the unrealized decrease in value is dismissed.
*72 Objection is made to the fee. paid to the attorneys for the trustee for legal services rendered in connection with the administration of trusts created by the will. A substantial part of the services recited in the affidavit of legal services constituted administrative work compensable by trustee’s commissions and the basic legal services are those in connection with the judicial settlement of the accounts. The following charges are allowed: to the trust under article Fifth, $2,300; to the trust under article Sixth, $2,300, and to the trust under article Seventh, $450. The objections are sustained as to any payment in excess of the allowed amounts.
Submit decree on notice.