In the Matter of the Estate of GEORGE E. SCOTT, SR., Deceased. EDNA H. N. BAIRD, as Administratrix of the Estate of CATHERINE S. DIVINE, Deceased, Appellant; GEORGE E. SCOTT, JR., as Administrator of the Estate of GEORGE E. SCOTT, SR., Deceased, Respondent.

Third Department, May 6, 1966.

*Frederick C. Kronmiller* for appellant.

*Govern & McDowell* (*Paul F. Eaton* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order of the Surrogate's Court, Delaware County, dismissing appellant's request for an order requiring an accounting by the administrator of the estate of George E. Scott.

George E. Scott, Sr., died intestate on January 6, 1959 survived by his widow, his son and his daughter. The son, George E. Scott, Jr., was appointed administrator of the estate, and,

thereafter, rather than distribute the property in accordance with the Decedent Estate Law, the three distributees entered into an agreement among themselves for the division of the decedent's estate. Under this agreement the mother was to deed the house to the son and daughter, was to waive her intestate share, and was to be paid income for life. The daughter was to receive income for life, and this money was to be "charged against her share of the residue of the estate or any increase thereof." At the daughter's death, "any balance due her from said estate" was to be paid to the surviving issue of the son. Provisions were made for control by the son over dealings in the securities owned by decedent, which constituted the bulk of his personal estate. Every six months, the son was to furnish the mother and daughter a list of the securities held by the estate and either the mother or daughter was to have the right to "have one-third of the funds invested in such securities as either of them may designate." The Surrogate found that this agreement established a valid *inter vivos* trust over which he had no jurisdiction under *Matter of Lyon* (266 N. Y. 219) and accordingly refused to order the requested accounting. Concededly, if instead of entering the agreement here involved, the distributees after the appointment of the administrator had settled the estate, and then made a valid agreement dividing up the property among themselves and stipulated for the entry of a decree discharging the administrator without further accounting, there would be little question that an *inter vivos* trust had been created over which the Surrogate would have no jurisdiction, his officer, the administrator having been discharged by the consent of the distributees (*Matter of Baruch*, 176 Misc. 344). But that is not what was done. Instead by the very terms of the agreement the estate was not terminated but continued until the death or remarriage of the mother or the property was turned over to the son "as a trustee", neither of which events has as yet occurred. Furthermore the agreement refers to the son throughout as the "Administrator" or as the "Administrator or Trustee". Thus the distributees did not remove the decedent's estate from the jurisdiction of the Surrogate. "On the contrary they left it under his jurisdiction to be administered, settled and distributed by the administrator, an officer of that court." (*Matter of Bausch*, 270 App. Div. 418, 425.) Thus, the Surrogate, having once taken jurisdiction over the estate, retained control thereof under section 40 of the Surrogate's Court Act until the fiduciary he appointed was discharged from his trust.

The order should be reversed, on the law and the facts, and the matter remitted for further proceedings not inconsistent herewith.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Order reversed, on the law and the facts, and the matter remitted for further proceedings not inconsistent herewith, with $10 costs, payable from the estate.