In the Matter of BULOVA FUND, INC., as Beneficiary of a Trust Created by ARDE BULOVA, Appellant; OMAR N. BRADLEY et al., Respondents.

In the Matter of LOUISE GUILDEN, as Trustee under a Trust Made by ARDE BULOVA, Appellant. JOAN G. GALE, Appellant; OMAR N. BRADLEY et al., Respondents.

First Department, July 9, 1968.

*Leonard S. Leaman* of counsel (*Lord, Day & Lord,* attorneys), for appellants.

*Simon Rose* of counsel (*Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondents.

*Per Curiam.* Respondents are four of the five trustees, and appellant Louise Guilden the fifth trustee, under an indenture dated February 11, 1953, as amended, by which Arde Bulova created a trust consisting entirely of shares of common stock of Bulova Watch Company, Inc. The stock of the company is listed on the New York Stock Exchange, and 324,727 shares, more than 15% of the number outstanding, are presently held by the trustees. The indenture required the trustees, upon the death of the settlor, who was the life beneficiary, to divide the corpus into two equal parts. One part was to be held for the benefit of appellant Bulova Fund, Inc., a membership corporation organized for charitable purposes. The other part was to be divided into three trusts, referred to in the litigation as the continuing trusts, of which appellant Joan Guilden Gale, Paul Bulova Guilden and Harry Bulova Henshel and their respective issue were the beneficiaries.

With reference to the trust for the benefit of Bulova Fund, Inc., the indenture directed that " upon the expiration of ten years after the death of the Grantor, the Trustees shall transfer and pay over to the Bulova Fund, Inc. the entire principal of said trust." A further provision was as follows: " Ten years after the date of death of the Grantor, all of the Trustees then acting as Trustees of the trusts hereunder shall cease to act as Trustees and the individuals then acting as Trustees of the trusts for the benefit of JOAN GUILDEN GALE, PAUL BULOVA GUILDEN and HARRY BULOVA HENSHEL, created under the Last Will and Testament of the Grantor, are hereby appointed and shall act as the Trustees hereunder."

Arde Bulova died on March 18, 1958. Although his indenture vested the trustees with power of sale (like their other powers, exercisable by majority decision) it also evinced his preference that the Bulova Watch shares be retained; and there were no sales after his death, nor had there been any before when he himself had been a cotrustee. However, some three months before the expiration of the 10-year period following his death, respondents, over the objection of Louise Guilden, explored the possibility of selling the trust holdings and thereafter received an offer to purchase 162,364 shares. To halt the sale a special proceeding was brought by Bulova Fund, Inc., pursuant to CPLR 7701, and a similar proceeding by Louise Guilden and Joan Guilden Gale. After trial, the concluding session of which was held on March 29, 1968, judgment was entered vacating a temporary injunction and dismissing the petitions. Testimony at the trial indicated that the shares to be sold would be the total held in the trust for Bulova Fund, Inc.,

and that the shares in the continuing trusts were to be retained, as desired by the beneficiaries.

In reversing the judgment, as we conclude the facts require, we see no need to comment on appellants' allegations that respondents' actions are colored by self-interest. On the other hand, granting that a power of sale may in law or by specific provision survive the stated termination of a trust (see *Matter of Jones,* 306 N. Y. 197; *Matter of Thomas,* 254 N. Y. 292, 296), we think its exercise, in the present circumstances, would lack rational justification. The trustees are in possession of the Bulova Watch shares subject to no commitment to sell them but under a duty to carry out the mandates of the trust indenture, that is to say, to turn over to Bulova Fund, Inc. the principal of the trust held for its benefit and to turn over the principal of the continuing trusts to the settlor's testamentary trustees. The indenture expressly authorizes distribution of principal " in kind in lieu of cash," fair and orderly distribution requires no conversion into cash, and the distributees want the shares and not proceeds of sale. The respondents appear to have some feeling that the Fund might be financially advantaged by a change of investments, but they are not its managers. The period for which the trust was created has now expired, and it appears that the trustees first sought to sell the shares only three months before the date of expiration. Distribution in specie is in our opinion mandatory on the instant record (Restatement, 2d, Trusts, § 346; § 347, comments *f* and *o*; 4 Scott, Trusts [3d ed.], §§ 346-347.2, 347.4; cf. *Mellen* v. *Mellen,* 139 N. Y. 210, 220).

Accordingly, the judgment entered on April 2, 1968 dismissing appellants' petitions should be reversed, on the law and the facts, with costs and disbursements to the parties filing briefs payable out of the trust estate; and respondents should be permanently enjoined from selling shares of Bulova Watch Company, Inc. held in any of the trusts, and directed, in distributing the trust estate, to distribute such shares in kind.

Botein, P. J., Eager, Capozzoli, McGivern and Macken, JJ., concur.

Judgment unanimously reversed, on the law and the facts, with $50 costs and disbursements to the parties filing briefs payable out of the trust estate and respondents permanently enjoined from selling shares of Bulova Watch Company, Inc. held in any of the trusts, and directed, in distributing the trust estate, to distribute such shares in kind. Settle Order on notice.